LOUISVILLE & SOUTHERN INDIANA TRACTION
COMPANY v. LEAF.

[No. 5,800. Filed January 11, 1907. Rehearing denied April 5,
1907. Transfer denied June 6, 1907.]

1. PLEADING.—Complaint.—Motion to Make More Specific.—Inter-
urban Railroads.—Negligence.—A motion to make more specific
a complaint, against an interurban railroad company, alleging
that defendant suddenly started the car after inviting plaintiff
to alight and after plaintiff had stepped down upon the step of
the car, by showing whether the car had fully stopped prior to
the accident or was slowly moving, should be overruled. p. 215.

2. SAME.—Complaint.—Interurban Railroads.—Negligence.—A com-
plaint alleging that the conductor of defendant interurban rail-
road company's car invited plaintiff, a passenger, to alight; that
plaintiff stepped down on the step, at which time the motorman
suddenly, without warning, started such car with a lurch, thereby
throwing plaintiff upon the ground, to his injury, is sufficient.
p. 216.

3. TRIAL.—Interrogatories.—Interurban Railroads.—Negligence.—
Answers to interrogatories to the jury showing that the plaintiff,
who was a passenger upon an interurban car, was invited
by the conductor to alight; that he stepped down upon the step
of the car; that the car was going around a curve; that the motor-
man released the brakes, thus giving the car a sudden lurch, are
not in conflict with a general verdict for plaintiff, the complaint
alleging that by reason of such sudden lurch plaintiff was thrown
from the car and injured. p. 216.

4. NEW TRIAL.—Evidence.—Negligence.—Interurban Railroads.—
In an action against an interurban railroad company for negli-
gence, a new trial will not be granted to defendant because of
insufficient evidence, where the evidence showed that the con-
ductor of the car invited plaintiff to alight and he in obedience
stepped down upon the step of the car, at which time the motor-
man released the brakes thus causing a sudden lurch and throw-
ing plaintiff to the ground and injuring him. p. 217.

5. TRIAL.—Instructions.—Withdrawing Evidence.—An instruction
withdrawing from the jury evidence objected to cures any error
in the admission thereof. p. 217.

6. SAME.—Instructions.—Limiting Purpose of Evidence.—It is the
right and duty of the trial judge to instruct for what purposes
evidence admitted may be considered. p. 218.

7. DEPOSITIONS.—Motions to Suppress.—When Made.—A motion to
suppress a deposition must be made before the beginning of the
trial. p. 218.

8. TRIAL. — Instructions. — Damages.—Effect of Injuries Upon
Health.—An instruction, in a personal injury case, that the jury,

in estimating plaintiff's damages, may consider the future effect of the injuries upon plaintiff's health, is proper, where the averments of the complaint will admit evidence of permanent injuries. p. 218.

From Harrison Circuit Court; *Christopher W. Cook*, Judge.

Action by Zachariah T. Leaf against the Louisville & Southern Indiana Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Charles D. Kelso, Merrill Moores* and *James P. Boyle*, for appellant.

*Evan B. Stotsenburg* and *John H. Weathers*, for appellee.

ROBY, J.—Action by appellee to recover damages alleged to have been occasioned by personal injuries received by him by reason of the negligence of appellant, while he was a passenger upon one of its electric cars. The amended complaint is in two paragraphs, in both of which it is averred that appellant is a corporation engaged in operating an interurban railway system upon which it carried passengers for hire, and that appellee took passage upon one of its cars in Jeffersonville on December 18, 1903, paid his fare to New Albany, and, desiring to leave the car at the intersection of Market and Vincennes streets, a usual stopping place, at a proper distance therefrom, signaled the motorman to stop at such crossing; that when said car reached the crossing he left his seat at the invitation of the conductor and stepped down upon the step of said car to alight therefrom, but before he could step off the motorman suddenly, negligently and without warning, started said car forward with a lurch, precipitating plaintiff to the street and inflicting injuries which are described.

The paragraphs are substantially the same. A motion to make the second paragraph more specific, by stating therein whether the car had, prior to its sudden start, been stopped or was slowly moving, was overruled. There was no error in overruling this motion. The negli-

gence complained of did not depend upon the fact to which the motion was addressed.

The complaint was sufficient as against demurrers for want of facts, each paragraph showing that appellee was thrown by the sudden starting of the car while he was in the act or position of alighting therefrom. *South Chicago City R. Co.* v. *Zerler* (1903), 31 Ind. App. 488; *Indianapolis St. R. Co.* v. *Brown* (1904), 32 Ind. App. 130; *Indianapolis St. R. Co.* v. *Lawn* (1903), 30 Ind. App. 515; *Indianapolis, etc., Trans. Co.* v. *Derry* (1904), 33 Ind. App. 499.

The issue was formed by general denial, trial by jury, verdict for $1,000, with answers to interrogatories. Appellant's motion for judgment on such answers was overruled. The court did not err in such ruling for the reason that the general verdict carried with it an affirmation of the facts averred as the basis of the action. The answers to interrogatories are not in conflict therewith. They show that appellee, in response to the call of the conductor, left his seat in the car and went upon the platform for the purpose of alighting. They also state that after the car entered the curve it became necessary to release the brakes; that the release of the brakes gave the car an additional speed without the application of more current; that it is usual, when a brake is released, for such action to increase the momentum of the car; that the speed of the car was not excessive; that more power was applied than was necessary; that all street-cars have jars and sways natural to their progress, when operated in a lawful way; and that cars upon curves are subject to violent motions, to lurches and jerks. There is no finding that the appellee was not thrown off as averred. There is indeed no finding that he was thrown off on account of the release of the brake, or other facts above mentioned. Nor would it follow, if such were the fact, that appellant would be released from liability. "Having caused its passenger to go upon the platform in

the night-time for the purpose of getting off its train at a station, no epithets are required to show that the jerking of the train, while she was in the act of alighting, with the degree of force specified, was necessarily a breach of the duty owing to her." *Cincinnati, etc., R. Co.* v. *Worthington* (1903), 30 Ind. App. 663, 96 Am. St. 355.

In support of the motion for a new trial, the overruling of which is assigned as error, it is insisted that the verdict is not sustained by sufficient evidence and is contrary to law, and *Dresslar* v. *Citizens St. R. Co.* (1898), 19 Ind. App. 383, is cited to the proposition that there is no presumption of negligence against the carrier. In that case the passenger changed his position, going upon the platform without warning or invitation. In this case appellee signified his desire to stop, and the conductor opened the door and announced, "All out for Vincennes and Market." Whereupon appellee went upon the platform. The question of appellant's negligence does not depend upon a presumption, but there is evidence, practically uncontradicted, establishing it.

Complaint is made of the admission of a statement made by the conductor to the motorman, who said: "When you stop, why in the devil don't you give people a chance to get off?" It is not necessary to determine whether the remark was admissible as a part of the *res gestae,* for the reason that in the first instruction given by the court of its own motion, the jury was told: "What said employe said about the transaction at the time spoken of is not competent to be considered by you." It is insisted that this instruction was erroneous in directing attention to the testimony of a witness named, whom it was sought to impeach by evidence of contradictory statements. Undue prominence may be given in instructions, to the testimony of certain witnesses or to certain facts, but the judge of the trial court is not a moderator—he is a judge. He tries the case at the same

time and upon the same evidence upon which the jury finds its verdict, and the instruction in question did no more than clearly to limit the purpose for which evidence of alleged contradictory statements could be considered.

Motion was made to suppress a deposition, for the alleged reason that the notary- taking it was shown to be interested as an attorney in the case. Motions to suppress must be made before the beginning of the trial. §443 Burns 1901, §439 R. S. 1881. This motion was not thus made, therefore it is unnecessary to determine whether the notary was an interested person, or the same person who at the time was a stenographer in the office of attorneys for appellee.

The jury was also instructed that in assessing damages it might consider the future effect, if any, of the injuries complained of, upon plaintiff's health. The averments of the complaint were, under our cases, broad enough to admit evidence of permanent injuries. *Ohio, etc., R. Co.* v. *Hecht* (1888), 115 Ind. 443, 447; *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 264, 277, 54 Am. Rep. 312; *City of Indianapolis* v. *Gaston* (1877), 58 Ind. 224. We do not find any reversible error in the record.

Judgment affirmed.