# S. W. LITTLE COAL COMPANY *v.* O'BRIEN, ADMINISTRATRIX.

[No. 9,012. Filed January 29, 1916. Rehearing denied November 23, 1916. Transfer denied January 9, 1917.]

1. PLEADING.—*Complaint.*—*Facts.*—*Conclusions.*—In an action for wrongful death, an allegation in the complaint that decedent, at the time of his injury, was in the discharge of the duties of employment, but not averring that he was performing any of the services set forth in the complaint as such states a conclusion. p. 511.

2. PLEADING.—*Complaint.*—*Facts.*—*Conclusions.*—In an action for death by negligence, an allegation that decedent, who was crushed between a car and a scale house, was compelled to cross a railroad track in front of a moving car and to pass between it and a scale house, but no facts are pleaded showing the necessity which compelled decedent to so do, states a conclusion. p. 512.

3. PLEADING.—*Pleading Conclusions.—Motion to Make More Specific.*—Since the enactment of §343a Burns 1914, Acts 1913 p. 580, providing that any conclusion stated in any pleading must be considered and held to be equivalent to the allegation of all the facts required to sustain such conclusion if necessary to the sufficiency of the pleading, but that a motion may be made to require the party filing such pleading to state the facts necessary to sustain the conclusion alleged, motions to make more specific in such cases should be liberally granted. p. 512.

4. PLEADING.—*Complaint.—Motion to Make More Specific.—Pleading Conclusions.*—Where, in an action for wrongful death, the complaint pleads conclusions to the effect that decedent, at the time he was killed, was on the farther side of a railroad track "in the discharge of the duties of his employment" and that he was "compelled" to cross such track in front of an approaching car and to pass between it and defendant's scale house, but no facts are alleged showing the necessity which compelled deceased to so do, it was error for the trial court to overrule a motion to make the complaint more specific. p. 513.

5. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Negligence of Master.—Liability.—Burden of Proof.*— The mere fact that hazards inherent or apparent in the employment contributed to the injury involved, or the mere fact of the existence of defects in the working place, etc., of which the employer had knowledge, actual or constructive, and because of which defects the employe was injured, does not render the employer liable under §§2 and 3 of the Employers' Liability Act of 1911 (Acts 1911 pp. 145, 146, §§8020b, 8020c Burns 1914), providing that dangers or hazards inherent or apparent in the employment shall not be a defense for the employer in an employe's action for injuries, and that the employer has the burden of proving that he did not know of the defect causing the injury, either actually or constructively, in time to have remedied the same. p. 515.

6. MASTER AND SERVANT.—*Injuries to Servant.—Negligence of Master.—Liability.—Assumed Risk.—Statute.*—Under the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) the employer is not liable unless the hazards of the employment and the defects in the working place, tools, etc., are chargeable to his negligence, and in the absence of negligence of the employer, the question of assumed risk is immaterial. p. 515.

7. MASTER AND SERVANT.—*Injuries to Servant.—Negligence of Master.—Elements.—Notice of Defects.*—Where a cause of action for injury or death is predicated upon the existence of defects in the working place, tools, etc., the employer's knowledge of such

defects, actual or constructive, is an essential element of negligence, both under the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) and at common law. p. 515.

8. MASTER AND SERVANT.—*Injuries to Servant.—Action.— Complaint.— Allegations of Knowledge of Defect.— Sufficiency.—* Where, in an action for wrongful death caused by decedent being crushed, owing to insufficient clearance between a scale house constructed by defendant and a car on a switch track, the complaint alleges that all the facts concerning the defect complained of, which was the proximity of the scale house to the switch track, were known to defendant, sufficiently charges the employer with notice to bring the case within §8020c Burns 1914, Acts 1911 pp. 145, 146, relating to actions for injuries to employes, although the complaint contains no express averment that defendant knew of the defect in time to have remedied it, since, the defect alleged being structural in nature and neither latent nor concealed, defendant was chargeable with knowledge thereof from its inception. p. 515.

9. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Defenses. —Contributory Negligence.—Statute.—*The defense of contributory negligence is not abolished in all cases by the act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), relating to employers' liability for injuries to servants, and it is available in an action for wrongful death where the facts show that decedent, who was crushed and killed between a moving car on a switch track and defendant's scale house which he was attempting to enter to weigh the car in pursuance of his duty, voluntarily and under no requirement of his employment placed himself in the perilous position occupied when killed so that death resulted not from the alleged defect in the working place due to the proximity of the scale house to the track, but rather from the use decedent made of the place to work. p. 516.

10. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Allegations.— Defenses.—Contributory Negligence.— Burden of Proof.—Statute.—*In an action for personal injury, under §362 Burns 1914, Acts 1899 p. 58, the plaintiff is not required either to allege or prove that he was in the exercise of reasonable care at the time of the injury, and that he did not exercise such care is matter of defense and may be made under the general denial. p. 517.

11. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.— Disclosure of Contributory Negligence.— Sufficiency.—* Where the complaint in an action brought under the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020 *et seq.* Burns 1914) affirmatively shows that the person injured or killed was guilty of contributory negligence which proximately caused or con-

tributed to such injury or death, it discloses a defense and is insufficient on demurrer. p. 517.

12. PLEADING.—*Demurrer.—Complaint.—Sufficiency.—Inferences.*— Where, in an action for wrongful death, the complaint is demurred to as affirmatively disclosing that decedent was guilty of contributory negligence, all inferences reasonably permissible under the allegations of the complaint must be indulged in favor of the sufficiency of the pleading. p. 517.

13. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Sufficiency.—Contributory Negligence.*—Where, in an action for death by negligence, the complaint alleges facts showing that deceased, who was employed to weigh cars of coal as they were moved over a scale, attempted, for the purpose of weighing an approaching car, to enter defendant's scale house by passing between it and the moving car and in so doing was caught and crushed between the building and the car because of insufficient clearance, and that decedent voluntarily, and under no requirement of his employment, placed himself in the perilous position occupied when killed, there being no averments that his fellow servants were guilty of negligence or misconduct, or that there was anything unusual in the approach of the car, or its speed or control, such complaint discloses affirmatively decedent's contributory negligence and is not sufficient as against demurrer. pp. 517, 518.

14. MASTER AND SERVANT.—*Injuries to Servant.—Place to Work.*— The term "place to work," as used in employe's actions against the master for personal injuries, usually means the premises where the services are performed. p. 518.

15. MASTER AND SERVANT.—*Injuries to Servant.—Verdict.—Answers to Interrogatories.*—In an action for the wrongful death of an employe, a general verdict for plaintiff is not overcome by the jury's answers to interrogatories, where such answers do not disclose the existence of an obvious hazard in such a degree as necessarily convicted decedent of contributory negligence in making an attempt to pass between a moving car and a structure in such proximity to the track that he was caught and crushed because of insufficient clearance. p. 519.

16. TRIAL. — *Instructions. — Special Interrogatories. — When Answered.*—Where interrogatories are submitted to the jury under the provisions of §572 Burns 1914, Acts 1897 p. 128, it is proper, when requested, to instruct the jury that "the law does not prescribe when you shall consider and answer the interrogatories which will be submitted to you, and you are at liberty to take into consideration and answer them either before or after you have agreed upon a general verdict, according to your own desire and convenience." p. 520.

17. TRIAL. — *Instructions.* — *Special Interrogatories.* — *When Answered.*—*Statute.*—Section 572 Burns 1914, Acts 1897 p. 128, requiring that a general verdict be rendered in all cases tried by a jury, except cases in equity, and that where requested by either party, the court shall instruct the jury "when they render a general verdict to find specially upon particular questions of fact to be stated to them in the form of interrogatories," requires only that the interrogatories be answered and is not directory as to when, during the jury's deliberation, this shall be done, since the clause, "when they render a general verdict," is not to be interpreted as meaning after the jury has agreed on a general verdict, as the word "render" as used in the statute means not only the arrival at an agreement, but also reporting the verdict in due form, and the word "when" is to be construed as being used in the sense of "provided" or "if". pp. 522, 523.

18. TRIAL.—*Verdict.*—*Answers to Interrogatories.*—*Failure of Jury to Agree.*—*Discharge.*—Under §572 Burns 1914, Acts 1897 p. 128, requiring the rendition of a general verdict and providing for the submission of interrogatories in cases tried by jury, where interrogatories are submitted, and the jury fails to agree on either the general verdict or the answers to interrogatories, there is no verdict and the jury should be discharged for failure to agree. p. 523.

19. APPEAL.—*Harmless Error.*—*Refusal of Requested Instruction.* —Although a requested instruction that the jury could consider and answer the special interrogatories submitted either before or after agreeing upon the general verdict might properly have been given, its refusal was harmless error, where the interrogatories were answered. p. 524.

20. MASTER AND SERVANT.—*Injuries to Servant.*—*Liability.*—*Contributory Negligence.*—*Statute.*—Under §1 of the act of 1911 (Acts 1911 p. 145, §8020a Burns 1914), providing that liability against the employer may be established for the death or injury of a servant "when such injury or death resulted in whole or in part from the negligence of such employer, or his, its or their agents, servants, employes or officers," etc., does not under all circumstances eliminate the defense of contributory negligence, for where such defense is not expressly abolished it remains available, and it is recognized by §2 of the act (§8020b Burns 1914) providing that the burden of proof under that issue rests on the defendant. p. 525.

21. MASTER AND SERVANT.— *Injuries to Servant.*— *Action.*— *Defenses.*—*Contributory Negligence.*—*Servant's Obedience to Order.* —Under §2 of the act of 1911 (Acts 1911 p. 145, §8020b Burns 1914), where the injury complained of resulted from obedience to any order or direction of the employer, the employee shall not

be held guilty of contributory negligence by reason of the mere fact that he conformed or was obedient to the order, but in case an employee is injured because his manner of carrying out an order is not characterized by due care, rather than because he did obey the order, such section does not eliminate the defense of contributory negligence. p. 525.

22. MASTER AND SERVANT.—*Injuries to Servant.—Actions.—Questions for Jury.—Statute.*—Section 7 of the act of 1911 (Acts 1911 p. 145, §8020g Burns 1914), providing that all questions of contributory negligence in employes' actions for personal injuries shall be questions of fact for the jury, or for the court where the cause is being tried without a jury, is simply a restatement of the law in relation to trials by jury, as it existed prior to the enactment of such section. p. 526.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by Alta O'Brien, administratrix of the estate of William A. O'Brien, deceased, against the S. W. Little Coal Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Lucius C. Embree* and *Morton C. Embree,* for appellant.
*Samuel E. Dillin, Ely & Corn* and *T. Morton McDonald,* for appellee.

CALDWELL, C. J.—Appellee's complaint, in so far as is necessary to a determination of the questions raised respecting it, is in substance as follows: November 23, 1911, appellant was operating a coal mine in Blackburn, Pike county, employing therein fifty men. The mine was located on the line of the Evansville & Indianapolis Railroad Company, which extended north and south, and consisted of a main track and several side or switch tracks, the one involved here being east of the main track. The switch track was used both by appellant and by the railroad company in conducting their respective enterprises. Appellant's tip house was located on the sidetrack, at a point 300 feet south of which appellant maintained its track scale and scale house "theretofore constructed by it at said place, for the purpose of weighing railroad cars loaded with coal as they were moved

southward over said scale, over and upon said switch track.''
'Appellant in operating its mine brought empty cars down,
by force of gravity, from the north to the tip house, and
there loaded them, and thence over such switch track to the
scale house to be weighed. William O'Brien, appellee's
decedent, was an employe of appellant, and as such it was
his duty to weigh the coal as it was loaded on the railroad
cars to be shipped; to move loaded and empty railroad cars
back and forth whenever necessary on the railroad tracks
at the mine; to send props and other material into the mine
as needed, and ''to do and perform all the things and duties
necessary to be done in the operation and conduct of said
tipple, railroad switch track, cars and track scales at said
mine.'' The wrongful conduct charged against appellant is
to the effect that it negligently constructed, maintained and
operated the scale house so close to the switch track that the
west side of the former was not more than two feet from the
east rail of the latter, and that as a consequence railroad
coal cars scraped against the side of the former in moving
along the switch track, and that such situation was extremely
dangerous to employes required to work in and about the
scale house, for the reason that they were likely to be caught
and crushed between the scale house and passing cars while
performing their ordinary duties. It is charged that ''all
the foregoing facts were to said defendent well known at all
the times herein mentioned.''

On November 3, 1911, appellant loaded a railroad car with
coal at the tipple and thereafter dropped it southward along
the switch track towards the main line. ''As said car
passed over said track scale, it became and was the duty of
plaintiff's decedent to weigh said car of coal; that in order
to do so, it was necessary for him to go inside said scale
house for that purpose; *that at said time said decedent was
in the discharge of the duties of his employment,* and was on
the west side of said switch and south of said scale house;
that the door opening into said scale house was on the north

side of said scale house at the northwest corner thereof, and next to said switch; *that said decedent was compelled to and did cross said switch track in front of said approaching car and to go between said car and said scale house, in order to get within said scale house and weigh said car as it passed over said scale;* that said defendant required said decedent to weigh said car while moving, and there was no other practicable or available means of getting into said scale house in time to weigh said car.'' It is further alleged that while decedent was attempting to enter the scale house, as aforesaid, he was caught between it and the moving car and crushed and killed. Decedent was twenty-three years old, and left surviving him appellee, his wife, and also an infant daughter. A trial of the cause resulted in a verdict and judgment for $2,000.

Appellant's motion that the complaint be made more specific, by which were challenged as conclusions the allegations which we have placed in italics, was overruled.

1. The allegation that decedent was in the discharge of the duties of his employment on the west side of the track states a conclusion. It is not alleged that he was performing any of the services specifically outlined by the complaint as constituting his duties. *Robertson* v. *Ford* (1904), 164 Ind. 538, 74 N. E. 1. The allegation of itself, however, is not material, since there is no averment that appellant was guilty of any negligence affecting him while in such position. *Louisville, etc., Traction Co.* v. *Leaf* (1907), 40 Ind. App. 214, 79 N. E. 1066. The allegation becomes material only by reason of other allegations with which it is associated. Thus, if decedent was on the west side of the track for some purpose of his own and independent of his employment, and if the proper discharge of his duties required his presence at the scale house, then while journeying back from serving his own purposes, it could scarcely be said that he was in the discharge of the duties of his employment, and, if injured while outside of the line of his employment,

attending to matters of his own, such fact would be important in determining appellant's liability. *Brown* v. *Shirley Hill Coal Co.* (1910), 47 Ind. App. 354, 94 N. E. 574.

The allegation that decedent was compelled to cross the track in front of the approaching car and pass between the car and the scale house is also in the nature of 2. a conclusion. A partial clarification consists in the facts alleged respecting decedent's situation and the location of the scale house and the door therein, and that there was no other available or practicable means of getting into the scale house in time to weigh the car. Assuming that decedent was on the west side of the track discharging the duties of his employment, then it sufficiently appears that his duties required him to cross the track and enter the scale house, and that in so doing he was discharging the duties of his employment, but the facts alleged do not make clear the necessity of passing in front of the car and attempting to travel the narrow space between it and the scale house. The complaint does not disclose the nature of the compelling force that restrained him from making an earlier start, or that required him to undertake the apparently impossible task of traveling such narrow space.

The complaint was filed after the act of 1913 (Acts 1913 p. 850, §343a Burns 1914) went into force. Prior thereto the sufficiency of a pleading depended on the substantive facts alleged and not on the conclusions of 3. the pleader, the latter being disregarded. *Frain* v. *Burgett* (1898), 152 Ind. 55, 50 N. E. 873, 52 N. E. 395; *Robertson* v. *Ford, supra.* By the terms of that act, however, any conclusion stated in any pleading must be considered and held to be equivalent to the allegation of all the facts required to sustain such conclusion if necessary to the sufficiency of the pleading. The only remedy afforded the opposite party by the act as against any such conclusion, and to ascertain the facts upon which the pleader bases it, is by motion to make more specific. In view of the radi-

S. W. Little Coal Co. *v.* O'Brien—63 Ind. App. 504.

cal change and its nature made by the act in favor of the pleader, it is our judgment that the corresponding remedy should be liberally applied, where recourse is had to it.

We, therefore, hold that the court erred in overrul-

4. ing such motion. Considering the entire record, however, and the apparent fact thereby disclosed that appellant was not prejudiced or placed at a disadvantage by reason of the ruling, we should hesitate to base a reversal thereon. *Diamond Block Coal Co.* v. *Cuthbertson* (1905), 166 Ind. 290, 296, 76 N. E. 1060; *Illinois Central R. Co.* v. *Cheek* (1899), 152 Ind. 663, 53 N. E. 641.

In support of the assignment that the court erred in overruling the demurrer to the complaint, appellant urges two points: First, that facts are not averred in negation of the assumption of risk; secondly, that the complaint affirmatively discloses that decedent was guilty of contributory negligence. While not expressly conceded, we fail to discover from appellee's brief that any effort is made to meet the second point. Directed to the first point, appellee argues that the complaint is predicated on the act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), and that by the terms of that act the defense of assumed risk is eliminated in actions brought under it. Appellant rejoins, in substance, that, conceding that the action is brought under that act, the defense of assumed risk is not entirely abrogated thereby; that §3 (§8020c Burns 1914) of the act, if any part of it, is applicable and that by the express terms of such section the defense of assumed risk is eliminated only where the defect complained of (quoting from the act) "was prior to such injury, known to such employer, or by the exercise of ordinary care, might have been known to him in time to have repaired the same, or to have discontinued the use of such defective working place, tool, implement or appliance," and that the complaint here is insufficient by reason of the absence of an allegation that appellant had such

knowledge. Appellant's argument is to the effect that the complaint is not sufficient in its averments to render available the provisions of the act of 1911, *supra,* by which the defense of assumed risk is eliminated, and hence that the complaint in its relation to such question must be measured by the rules of pleading in vogue in this state in common-law actions, and hence that the complaint, to be sufficient, should have negatived the assumption of risk. It will be observed that appellant's argument is based on the assumption that in actions brought under the act the burden rests upon the plaintiff to allege in his complaint the facts necessary to invoke the act to the end that he may be relieved from the consequences of an assumed risk; that is, that the burden rests upon him to allege facts to the effect that the employer had knowledge, actual or constructive, of the existence of the defects in time to have repaired, etc. It is expressly provided by the concluding sentence of §3 of the act that "the burden of proof that such employer did not know of such defect, or that he was not chargeable with knowledge thereof in time to have repaired the same, or to have discontinued the use of such working place, tool, implement or appliance, shall be on the defendant, but the same may be proved under the general denial." The act is also so interpreted. *Deer* v. *Suckow Co.* (1915), 60 Ind. App. 277, 110 N. E. 700; *Vandalia R. Co.* v. *Stillwell* (1913), 181 Ind. 267, 104 N. E. 289, Ann Cas. 1916D 258. The act, however, is silent respecting the burden of averring such knowledge, both in its relation to the question of assumed risk and the issue of negligence. We shall revert to the question of pleading thus suggested, after a partial examination of some provisions of the act. We agree with appellee's contention that this action is predicated on the act of 1911. We had occasion in the recent case of *Standard, etc., Car Co.* v. *Martinecz* (1916), — Ind. App. —, 113 N. E. 244, to examine the act somewhat in detail. We, therefore, abbreviate here. The question here invokes a consid-

eration of two provisions of the act rather than one. That part of §2 (§8020b Burns 1914) to the effect that the fact that dangers or hazards inherent or apparent in the employment contributed to the injury shall not be a defense, also has a bearing. We regard such provision of the second section and the provision of the third section first quoted as interdependent. As stated in the Martinecz case and sustained by the decisions therein cited, the mere fact that hazards inherent or apparent in the employment contributed to the injury involved, or the mere fact of the existence of defects in place, etc., of which the employer had knowledge, actual or constructive, as provided by the third section, and in contact with which defects the employe was injured, does not render the employer liable. The employer is not liable unless such hazards and defects are chargeable to his negligence. In the absence of a case of negligence against the employer, the question of assumed risk is immaterial. *Terre Haute, etc., Traction Co.* v. *Young* (1913), 56 Ind. App. 25, 35, 104 N. E. 780; *Scheurer* v. *Banner Rubber Co.* (1909), 227 Mo. 347, 126 S. W. 1037, 28 L. R. A. (N. S.) 1207, note p. 1215. Where a cause of action is predicated upon the existence of defects in place, etc., the employer's knowledge, actual or constructive, is an essential element of negligence, not only at common law but also under the act of 1911. It follows that the question suggested by appellant—that under the third section of the act the burden rests on plaintiff to eliminate the assumption of risk by alleging in his complaint that the employer did have such knowledge, actual or constructive, in time to have repaired the defects or discontinued the use of the defective equipment by the exercise of reasonable care—involves also the question of the burden of averring such knowledge in its relation to the issue of negligence. In such a case as this, in the absence of the element of knowledge, there is no available negligence, and the negligence

existing, including the element of knowledge, actual or constructive, on the part of the employer, the act is invoked to the elimination of the defense of assumed risk, regardless of the employe's knowledge, actual or constructive, of the defect complained of. However, we do not find it necessary to determine the questions of pleading thus suggested. If the burden rested upon appellee it has been discharged. As indicated, there is an express averment that the facts alleged respecting the defects were well known to the defendant. The defect complained of here was the proximity of the scale house to the switch track. While there is no express averment that appellant knew of the defect in time to have remedied it, yet it is alleged that appellant not only negligently maintained, but also negligently constructed, the scale house in such proximity. The defect then is alleged to have been structural, and, being in no sense latent or concealed, appellant was chargeable with knowledge of the defect from its inception, and an express allegation to that effect was not required. *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12, 18, 40 N. E. 128; *Louisville, etc., R. Co.* v. *Miller* (1895), 140 Ind. 685, 40 N. E. 116; *Indiana, etc., R. Co.* v. *Snyder* (1895), 140 Ind. 647, 39 N. E. 912; *Indiana Nat. Gas, etc., Co.* v. *Vauble* (1903), 31 Ind. App. 370, 68 N. E. 195; *Louisville, etc., R. Co.* v. *Hicks* (1894), 11 Ind. App. 588, 37 N. E. 43, 39 N. E. 767; 26 Cyc 1144. It follows that appellant's first point is not well taken. We proceed to the second point, the question of contributory negligence.

Under some circumstances, contributory negligence is a defense in actions brought under the act of 1911. In such an action as this, it is available as a defense. See

9. *Standard, etc., Car Co.* v. *Martinecz, supra,* and cases cited. The burden of proof rests upon the defendant, but it may be proven under the general denial. §8020b Burns 1914, *supra; Vandalia R. Co.* v. *Stillwell, supra.* The plaintiff is not required either to allege or prove that the

person for whose injury or death the action is brought was in the exercise of reasonable care. That he did not exercise such care is matter of defense and may be proven under the general denial. §362 Burns 1914, Acts 1899 p. 58. If, however, the complaint affirmatively discloses that the person injured or killed was guilty of contributory negligence which proximately caused or contributed to such injury or death, it discloses a defense and is insufficient on demurrer. *Pein* v. *Miznerr* (1908), 170 Ind. 659, 84 N. E. 981. The inferences on that subject, however, which the complaint reasonably admits of, must be indulged in favor of its sufficiency. *Cleveland, etc., R. Co.* v. *Lynn* (1908), 171 Ind. 589, 85 N. E. 999, 86 N. E. 1017. Bearing on the question now under consideration, the complaint discloses the following facts: The scale house was situated so close to the switch track that at times an ordinary coal car scraped its sides in passing. Its west wall was not more than two feet from the east rail of the switch, and as a consequence (considering the width of a car as compared with the track), employes were likely to be caught and crushed between the wall and a passing car. It was decedent's duty to do all the weighing. A loaded car propelled by gravity was approaching the scale house from the north. Decedent was west of the switch and south of the scale house. The entrance to the latter was on its north side. It was his duty to weigh the car while in motion, and, as there was no other practicable means of reaching the scale house and gaining entrance thereto in time to weigh the car, he was thereby compelled to, and did, attempt the hazardous feat of passing between the car and the scale house. It is not alleged that any of his fellow employes was guilty of any negligence or misconduct, or that there was anything unusual in the approach of the car or its speed or control, by reason of which he was deceived and tricked into attempting the passage. His conduct is accounted for by affirmative aver-

ments to the effect that by reason ·of his position and the situation of the scale house and its entrance, and the requirement that the car should be weighed while in motion, he voluntarily placed himself in a position certain to result in serious injury or death, rather than let the car pass unweighed and thereby encounter the extra labor of causing it to be stopped or returned to be weighed. It is not alleged that anything out of the ordinary occurred by reason of which he was caused to misjudge the situation. The allegation is that, driven by an influence, averred to have been compulsion, he went between the passing car and the side of the scale house, and was crushed and killed because there was not room between the car and the scale house for his safe passage. The term "place to work," as used in cases such as this, usually means the premises where the services are performed. *Haskell, etc., Car Co.* v. *Przezdziankowski* (1907), 170 Ind. 1, 83 N. E. 626, 14 L. R. A. (N. S.) 972, 127 Am. St. 352. As involved here, it means the scale house and its environment, including the switch track, and also the temporary but frequently recurring element of a passing car. The defect complained of was the proximity of the scale house to the track, creating an apparent hazard while a car was passing to any one who at the time happened to be between the scale house and the track, but involving no peril to any one remote from the car and the passage. Importance, therefore, attaches to the influences accountable for decedent's presence at the danger point. He was not required to perform any service between the two structures, but it is averred that he was compelled to pass between them in order that he might reach a point where he was required to perform services. Peril attached to his position there only during the fraction of a minute, while the car was passing. No overpowering necessity required his presence at the danger point during such interval, but a matter very trivial in its nature when compared to the value of a human life. Under

such circumstances, he voluntarily and inexcusably assumed a position of danger. He was killed, not by reason of defects in the place, but by reason of the use that he made of his place of work, or his conduct in such place. Knowing of the existence of the defect in the place, as alleged, the fact that he continued in the employment, and thereby continued to be in touch with the defective place, presented a question of assumed risk, all defenses based on which are eliminated by the act of 1911. As to whether his conduct while in contact with such defective place was characterized by the exercise of reasonable care for his own safety presents a question of contributory negligence, a defense based on which in a case such as this remains available under the act of 1911. In the Martinecz case, *supra,* we sought to draw the distinction between the defense of "assumed risk" eliminated by the act of 1911, and the defense of "contributory negligence" recognized by such act, as those terms are used in the act. As measured by the distinction there drawn, we are impressed that the complaint here discloses affirmatively that decedent's contributory negligence was the proximate cause of his death, and that the court therefore erred in overruling the demurrer. See, also, as having some bearing, the following: *New York, etc., R. Co.* v. *Ostman* (1896), 146 Ind. 452, 45 N. E. 651; *Salem-Bedford Stone Co.* v. *O'Brien* (1894), 12 Ind. App. 217, 40 N. E. 430; *Cincinnati, etc., R. Co.* v. *Long* (1887), 112 Ind. 166, 13 N. E. 659; 26 Cyc 1149.

We have carefully considered the assignment based on the overruling of the motion for judgment on the answers to interrogatories returned with the general verdict. We do not believe the court erred in overruling such motion. Answering certain arguments advanced, there is no averment in the complaint that decedent was killed while endeavoring to cross the track, and the answers to interrogatories do not disclose that he was killed in such an attempt. The averment is that he was killed by being

crushed between the side of the car and the side of the scale house, presumably after he had crossed the track. While the answers reveal that it was obviously hazardous for decedent to attempt to pass between the car and the scale house, they do not disclose the existence of an obvious hazard in such a degree as necessarily convicts decedent of contributory negligence in making the attempt. *Jenney Electric Mfg. Co.* v. *Flannery* (1912), 53 Ind. App. 397, 98 N. E. 424; *Kingan & Co.* v. *Gleason* (1913), 55 Ind. App. 684, 101 N. E. 1027.

By reason of its frequent recurrence in appeals presented to this court, one other question demands our attention. The court refused the following instruction tendered by appellant: "The law does not prescribe when you shall consider and answer the interrogatories which will be submitted to you, and you are at liberty to take into consideration and answer them either before or after you have agreed upon a general verdict, according to your own desire and convenience." The refusal of an instruction practically identical with the above was considered by this court in *Deep Vein Coal Co.* v. *Rainey* (1916), 62 Ind. App. 608, 112 N. E. 392, resulting in a conclusion, as stated in substance in the opinion, that the instruction might very properly have been given, but in view of the state of the record, the court declined to determine whether its refusal was error. In the course of the opinion *Southern R. Co.* v. *Weidenbrenner* (1915), 61 Ind. App. 314, 109 N. E. 926, and *Wabash R. Co.* v. *Gretzinger* (1914), 182 Ind. 155, 104 N. E. 69, are cited. The instruction involved in the former, as given by the court, does not differ materially in legal effect from the one under consideration here. It is, in substance, that the jury might consider first in order of time, either the general verdict or the answers to the interrogatories, or both at the same time, but that the answers to the interrogatories should be governed solely by the evidence. The court held, on authority of the Gretzinger case, that

the giving of the instruction was harmless. In the latter the interrogatories submitted were delivered to the jury sealed in an envelope, with instructions that the envelope should not be opened until the jury had agreed on a general verdict. The Supreme Court, in its opinion in that case, while recognizing that the statute does not require that the interrogatories be answered in the absence of an agreement on the general verdict, condemned the practice of submitting interrogatories sealed, and with instructions as indicated, and stated respecting the interrogatories: "We perceive no good reason why they should not be considered by the jury in deliberating on the general verdict, for it is obvious that such consideration might better enable the jury to make a conscientious general finding." In the Raney case, *supra,* this court outlined some of the reasons why the interrogatories might be helpful, as stated by the Supreme Court in the Gretzinger case. Under these decisions, it is apparent that both the Supreme Court and this court are of the opinion that it is proper procedure for the jury first, in order of time, to consider the case as a whole, with a view of agreeing on the general verdict, or to consider the interrogatories submitted with a view to answering them, or to consider both phases of the cause submitted, at the same time, as the jury may discover in the course of their deliberations that they may best arrive at a just determination of the whole matter submitted. It follows at least that the instruction here refused was a proper one to have been given. Whatever confusion exists respecting the question under consideration, and whatever false impression has gained lodgment, possibly grow out of certain language used in *Summers* v. *Tarney* (1890), 123 Ind. 560, 24 N. E. 678 where the interrogatories were delivered to the jury sealed, and with a like instruction as in the Gretzinger case. The court there says: "This is new practice so far as our information goes; but we are not inclined to hold that it amounts to available error, as the statute provides that the interroga-

tories are only to be answered after a general verdict has been agreed to." That case was decided while §546 R. S. 1881, §555 Burns 1894, was in force, which was in part as follows: "In all actions, the jury, unless otherwise directed by the court, may in their discretion, render a general or special verdict; but the court * * * in all cases, when requested by either party, shall instruct them, if they render a general verdict, to find specially upon particular questions of fact, to be stated in writing." It will be observed that that statute did not provide that "the interrogatories are only to be answered after a general verdict has been agreed to," but rather, in substance, that the interrogatories were to be answered and returned only in case the jury rendered a general verdict. While it may be argued that even under the statute of 1881, the answering of interrogatories was futile until it had first been ascertained that an agreement could be reached on the general verdict, yet neither that statute, nor any other that has been in force in this state has prescribed the order in which interrogatories and the general verdict should be considered. The statute of 1881 was amended in 1895 (Acts 1895 p. 248). The present statute (§572 Burns 1914), which repealed the act of 1895, was enacted in 1897 (Acts 1897 p. 128). It requires that a general verdict be rendered in all cases tried by a jury, except cases in equity, and that where requested by either party, the court shall instruct the jury "when they render a general verdict to find specially upon particular questions of fact, to be stated to them in the form of interrogatories," etc. To construe the clause "when they render a general verdict" to mean, as argued, "after they have agreed on a general verdict," is to do violence to the language. The word "render" as used means more than an arrival at an agreement. It includes also the idea of reporting the verdict in due form. Hence to construe the word "when" as argued, would amount to a holding that the interrogatories are to be considered and answered only after

the general verdict has been agreed on and returned into court. The word "when" is frequently used in the sense of "provided," "in case," and "if." 40 Cyc 921. It is our judgment that it is so used here, and that the "when" clause of the present statute is identical in meaning with the "if" clause of the statute of 1881. The latter was embodied in the statute of 1881, because by that statute either a general or a special verdict, the one exclusive of the other, might be returned. In case of a special verdict, interrogatories and the answers thereto could serve no useful purpose, and hence the provision for interrogatories and that they be answered "if they rendered a general verdict." As indicated, the present statute requires that a general verdict be rendered in all jury cases. When considered in the light of the preceding legislation on the subject, this requirement means simply that a general, rather than a special, verdict be rendered. The jury, however, may fail to agree on a general verdict, in which case there would be no verdict, even though the interrogatories were answered; or the jury may agree on a general verdict but fail to agree on the answers to the interrogatories or some material part thereof. In such case also there would be no verdict, and the trial court would be required to discharge the jury for failure to agree. *Perry, etc., Stone Co.* v. *Wilson* (1902), 160 Ind. 435, 67 N. E. 183. Hence the argument that the jury should not consider the interrogatories until after an agreement on a general verdict, because such answers accomplish nothing in the absence of such agreement, applies with equal force conversely, and the conclusion from the argument in its double aspect would result in neither phase of the case being considered. It is therefore apparent that the statutory direction extends only to the fact that interrogatories · be answered, and is silent respecting the particular stage of the deliberations when they should be considered or answered.

In view of certain other instructions given, and the general

state of the record, we might consistently hold, as was done in the cited cases that the refusal of the instruction, if error, was harmless. The bench and bar of the state, however, are entitled to the judgment of this court on the involved question. The refusal of the instruction presents a question, not of substance, but rather of regularity of procedure. The instruction contains no direction as to what should be considered by the jury in answering interrogatories, or as to what should form the basis of such answers. Had it been given and followed, the jury would not thereby have been influenced respecting the facts included in or excluded from their answers, but they would have been left entirely free to answer interrogatories under the evidence, as directed by other instructions. Although the instruction was refused, the interrogatories were answered, and the general verdict rendered by the jury proceeding under oath. To hold that the refusal of the instruction was prejudicial error would force the presumption that the jury did not observe the court's instruction that they be truthfully answered, the evidence being the sole guide. In the absence of an indication to the contrary, it is our judgment that the opposite presumption should be indulged. While we believe that such instruction should be given when requested, we do not believe that in any case, its refusal would constitute reversible error.

Other questions presented are not considered, as they are not likely to arise in a new trial.

Judgment reversed, with instructions to sustain the demurrer to the complaint, with permission to amend, if desired, and for other proceedings in harmony with this opinion.

## ON PETITION FOR REHEARING.

CALDWELL, C. J.—Appellee in support of a petition for a rehearing argues: First, that in actions brought under the act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914)

contributory negligence is in no case a complete defense; and second, that if in any case it is a defense, the question of its existence as a controlling factor is under all circumstances one of fact for the jury, and that under no circumstances is it a question of law for the court.

Appellees' first contention is based on certain provisions of the first section of the act, to the effect that liability against the employer may be established, the other circumstances existing, "when such injury or death resulted in whole or in part from the negligence of such employer, or his, its or their agents, servants, employes or officers," etc. The argument is that, since the statute prescribes liability against the employer where the injury or death results only in part from the negligence of the employer, etc., a case wherein the negligence of the employer concurs proximately with the negligence of the employe to produce an injury to or the death of the latter comes within the act, and hence that the existence of contributory negligence is not a defense, where it concurs with the negligence of the employer to produce the injury or death. The decided cases recognize that contributory negligence is not under all circumstances eliminated as a defense by the act. Where not expressly abolished, it remains available. See *Vivian Collieries Co.* v. *Cahall* (1915), 184 Ind. 473, 110 N. E. 672; *Vandalia R. Co.* v. *Stillwell* (1913), 181 Ind. 267, 104 N. E. 289, Ann. Cas. 1916D 258; *Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 383, 110 N. E. 680. The second section of the act recognizes the defense by providing that the burden of proof on that issue rests on the defendant.

Said section provides, also, in substance, that an injured employe shall not be held to have been guilty of contributory negligence, where the injury complained of resulted from the employe's conformity or obedience to any order or direction of the employer, etc. If the injury resulted from a conformity or obedience to the order, the effect of the act is that the employe shall not

be held guilty of contributory negligence, by reason of the mere fact that he did conform or was obedient to the order. See *Doan* v. *E. C. Atkins & Co.* (1915), 184 Ind. 678, 111 N. E. 312. His manner of carrying out the order, however, rather than the fact that he did carry it out, might not be characterized by due care, and he might be injured by reason of the manner in which he carried out the order, rather than from the mere fact that he carried it out. As applied to such a case, the act does not eliminate the defense of contributory negligence. *Vivian Collieries Co.* v. *Cahall, supra,* pp. 489, 490. It is true that the effect of the statutory provision to which appellee directs our attention is not discussed in the decisions holding that contributory negligence is restricted rather than abolished as a defense by the act of 1911. Respecting such provision, it may be said, however, that the negligence of an employer may concur with the negligence of some third person, other than an agent, servant, employe or officer of the employer to produce the injury or death complained of. In such a case, such injury or death might be said to result only in part from the employer's negligence. The employer, however, in such a case is not relieved from liability in actions ruled by the common law. *Hoosier Stone Co.* v. *McCain, Admr.* (1892), 133 Ind. 231, 31 N. E. 956; Cooley, Torts (2d ed.) 823; *Fliege* v. *Railway Co.* (1910), 82 Kan. 147, 107 Pac. 555, 30 L. R. A. (N. S.) 734, and note, 20 Ann. Cas. 276. In our judgment, the provision under consideration refers to such a case.

Appellee's second contention is based on the seventh section of the act (§8020g Burns 1914), which is, in part, as follows: "All questions of * * * contributory negligence shall be questions of fact for the jury to decide, unless the cause is being tried without a jury in which case, such questions shall be questions of fact for the court." Respecting such section, the Supreme Court, in *Kingan & Co.* v. *Clements* (1915), 184 Ind. 213, 110 N.

E. 366, says: "We are of the opinion that §7 is simply a restatement of the law in relation to trials by jury, as it existed prior to its enactment."

Other questions are discussed, but we discover no reason why we should not adhere to our original conclusion. Petition for rehearing overruled.

NOTE.—Reported in 113 N. E. 465, 114 N. E. 96. Contributory negligence as defense, statutes affecting, in actions by servants against masters, 5 Ann. Cas. 633; 26 Cyc 1229. Conclusions of law, what constitutes, 31 Cyc 52-65.