AMERICAN ROTARY VALVE COMPANY v. BOWMAN.

[No. 9,317.  Filed November 16, 1917.  Rehearing denied February 20, 1918.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Negativing Contributory Negligence.—Employers' Liability Act.*—In an action by a servant against the master for personal injuries, allegations in the complaint showing that defendant operated a factory employing more than five workmen, that the accident occurred while plaintiff was working as directed by the master, and that the fellow servant whose negligence is alleged to have caused the accident undertook to hold the ladder on which plaintiff was standing when injured, bring the case within the Employers' Liability Act, Acts 1911 p. 145, 8020a *et seq.* Burns 1914, and the complaint is good without an averment that plaintiff was free from contributory negligence.  p. 667.

2. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency.—Assumption of Risk.—Negligence of Fellow Servant.*—In an action by a servant against the master for injuries sustained when a ladder upon which he was standing slipped and fell, a paragraph of complaint alleging that the ladder was a defective and unsafe appliance furnished by the master, who knew that it was defective, that there were no devices to keep the ladder from slipping, or to make it an appliance which could be used with safety, and that plaintiff's injuries were caused by such unsafe ladder, and by the carelessness and negligence of a fellow servant in failing to hold it while plaintiff was standing thereon, was sufficient to state a cause of action under §8020a Burns 1914, authorizing a recovery for injuries due to the negligence of a fellow servant, and §8020c Burns 1914, Acts 1911 p. 145, providing that the employe shall not be held to have assumed the risk of any defect in the place of work, or in the tool, etc., which defect was known to the employer or might have been known to him in time to repair or discontinue its use, and placing the burden of proof as to such knowledge on the employer.  p. 667.

3. MASTER AND SERVANT.—*Injury to Servant.—Negligence of Fellow Servant.—Defective Appliances.—Master's Liability.*—In a servant's action against the master for personal injuries under the Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914, where one paragraph of the complaint alleged that plaintiff sustained his injuries when a ladder upon which he was standing slipped and fell because it had no spikes or other devices at the bottom of the side pieces to prevent it from slipping and by reason of the carelessness and negligence of a fellow employe in failing to hold the ladder in place, a motion for judgment on the jury's answers to special interrogatories was properly overruled where

American Rotary Valve Co. *v.* Bowman—66 Ind. App. 662.

such answers showed that the ladder "fell from not being held" by the fellow employe "or provided with spikes." pp. 669, 670.

4. TRIAL.—*Verdict.—Scope.*—A general verdict for plaintiff is a finding in his favor on every issuable fact. p. 670.

5. APPEAL.—*Briefs.—Sufficiency.—Abstract Propositions of Law.*— The statement in appellant's brief, under its points and authorities, of abstract propositions of law without in any way applying them to any specific point or proposition involved in any ruling of the court arising under the motion for a new trial, present no questions for review. p. 670.

6. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Instructions.—Assumption of Risk.*—In a servant's action against the master, under §8020a *et seq.* Burns 1914, Acts 1911 p. 145, for injuries sustained when a ladder upon which he was standing slipped and fell, an instruction that, if the ladder was defective and such condition was known to the master, or had existed for such length of time that it might have been known by the exercise of ordinary care, plaintiff did not assume the risk, and the burden was on the master to prove that it did not know, and could not have known, of the defects in time to have remedied them or discontinued the use of the ladder before the injury, was substantially correct under §8020c Burns 1914, providing that the employe shall not be held to have assumed the risk of any defect in the place of work, tools, etc., known to the employer, or which might have been known to him in time to repair or discontinue its use, and such instruction was not objectionable for failure to state that the master must have had a reasonable time in which to make repairs. p. 671.

From Delaware Superior Court; *Robert M. Van Atta,* Judge.

Action by Lineous E. Bowman against the American Rotary Valve Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Kittenger & Diven,* for appellant.

*Albert H. Vestal, William F. White* and *William T. Haymond,* for appellee.

FELT, J.—This action was brought by appellee, Bowman, against appellant, American Rotary Valve Company, for damages for personal injuries. The

amended complaint in two paragraphs was answered by general denial. Trial by jury resulted in a verdict for appellee in the sum of $5,500. With its general verdict the jury returned answers to certain interrogatories. Appellant's motion for judgment in its favor on the answers of the jury to the interrogatories notwithstanding the general verdict, and its motion for a new trial, were overruled, and judgment rendered on the general verdict, from which this appeal was taken.

Appellant has assigned separate error on the overruling of its demurrer to each paragraph of the amended complaint; error in permitting appellee to amend his amended complaint after the evidence was introduced; error in overruling appellant's motion for a continuance of the cause after permitting the aforesaid amendment; error in overruling the motion of appellant for judgment on the answers of the jury to the interrogatories, and in overruling its motion for a new trial.

The first paragraph of the amended complaint alleges in substance that appellant is a corporation organized under the laws of Indiana, and as such corporation, on and prior to November 17, 1912, owned and operated a manufacturing plant in the city of Anderson, Indiana, and during all of said time employed in such plant or factory more than five workmen; that appellee was one of such employes, and at the time aforesaid was working in the boiler room of said factory under the direction of John Colle, the engineer, who had charge of such engine room and was the foreman over appellee with authority to order and direct the work and place of work of appellee; that it was the duty of appellee to obey the directions or orders of said Colle; that on November 17, 1912, said Colle ordered appellee to leave his work

of firing the boilers, which was his usual work, and to assist in connecting certain steam pipes in said factory; that the floor of the building was made of cement; that to reach the pipes an ordinary ladder about fifteen feet long had been placed against the top of a window through which the pipes were laid, with the lower end resting on the cement floor; that appellee was ordered to ascend such ladder, which he did, and thereupon began work on said pipes; that before ascending such ladder appellee requested that some one hold it to prevent its slipping at the bottom; that thereupon one Bert Garretson, an employe of appellant, held the ladder while appellee ascended and began work, and, while appellee was at work on the aforesaid pipes, he negligently let loose of the ladder and went to another part of the building; that the ladder was round at the bottom and there were no spikes or other appliances to keep it from slipping, or to make it safe, and it slipped on the floor and threw appellee with great force upon the cement floor, and thereby injured his side, back, spine, nerves and nerve centers along his spine, which caused a disease known as neuritis and traumatic neurasthenia; that appellee was bruised and stunned by the fall and his spine was permanently injured; that all the injuries received by appellee as aforesaid were caused by the negligence of appellant's employe, Bert Garretson, in failing to hold said ladder in place while appellee was on the same. Facts are also alleged to show the earning capacity of appellee and the extent of his suffering and disability.

The second paragraph in its main allegations is identical with the first, except as to the charge of negligence. It is therein averred in substance that the ladder was a defective and unsafe appliance fur-

nished by appellant to be used by appellee in said factory; that appellant knew the same was defective; that the side pieces which rested on the floor were rounded at the bottom and there were no spikes or other devices to keep the ladder from slipping, or to make it a safe appliance to be so used; that the injuries received by appellee as aforesaid were caused by such unsafe ladder furnished appellee, and by the carelessness and negligence of Bert Garretson in failing to hold the same in place while appellee was on the ladder.

The demurrer was for insufficiency of facts to constitute a cause of action, and the memorandum therewith to which any reference is made in the briefs is in substance as follows: The complaint does not show the defendant guilty of any negligence, nor does it show plaintiff's freedom from contributory negligence. It does not show that plaintiff's injury was the proximate result of any negligence of defendant, nor that plaintiff was under obligation to do what he was doing when injured.

The facts averred show that plaintiff knew the danger involved, and that he assumed the risk which resulted in his injury; that at and immediately prior to plaintiff's injury, Bert Garretson, alleged to be a fellow servant of plaintiff, was not acting in the line of his duty as an employe of defendant, but at the solicitation of plaintiff.

The complaint is not drawn on the theory of a common-law action, but on the theory of a cause of action under the Employer's Liability Act of 1911, Acts 1911 p. 145, §8020a et seq. Burns 1914. The first paragraph proceeds on the theory of an accident and injury due to the negligence of an employe of appellant. Section 8020a, supra, authorizes a

recovery where the injury results in whole or in part from the negligence of the employer, or his or its agents, servants or employes.

The averments show that the accident occurred while appellee was doing the work of the master in the place he was directed to work, and that the

1. fellow servant whose negligence is alleged to have caused the accident was also engaged in the work of the master when he undertook to hold the ladder on which appellee was standing. These facts bring the case within the provisions of the statute, and make the first paragraph good without an averment that appellee was free from contributory negligence. §§8020a, 8020b, *supra; Vandalia R. Co. v. Stillwell* (1913), 181 Ind. 267, 270, 104 N. E. 289, Ann. Cas. 1916d 258; *Chicago, etc., R. Co. v. Mitchell* (1915), 184 Ind. 588, 110 N. E. 680; *S. W. Little Coal Co. v. O'Brien* (1916), 63 Ind. App. 504, 113 N. E. 465, 114 N. E. 96; *Nordyke & Marmon Co. v. Hilborg* (1916), 62 Ind. App. 196, 110 N. E. 684.

The averments of the second paragraph show that the ladder was an unsafe appliance to be used on the cement floor; that when it slipped it was being

2. used in the place it was furnished and intended to be used by appellant. The memorandum accompanying the demurrer to the complaint says nothing about the absence of averments showing the length of time the ladder had been defective and unsafe, or how long appellant had known thereof. The averments show a defective appliance known to the master. The statute eliminates assumption of risk on the part of the employe in such instance, and it was therefore unnecessary to allege that appellee did not know of the defects. Furthermore, the averments show that the unsafe condition of the ladder was due

to defects in its structure. Such being the case, the language of this court in *S. W. Little Coal Co.* v. *O'Brien, supra,* 516, is applicable here, viz: "The defect then is alleged to have been structural, and, being in no sense latent or concealed, appellant was chargeable with knowledge of the defect from its inception, and an express allegation to that effect was not required." The second paragraph of the complaint is therefore sufficient to state a cause of action under the provisions of §§1 and 3 of the act, *supra.* §8020a *et seq.* Burns 1914; *supra; S. W. Little Coal Co.* v. *O'Brien, supra; Stiles* v. *Hasler* (1913), 56 Ind. App. 88, 104 N. E. 878; *Vandalia R. Co.* v. *Stillwell, supra; Kokomo Brass Works* v. *Doran* (1915), 59 Ind. App. 583, 588, 105 N. E. 167; *Standard Steel Car Co.* v. *Martinecz* (1916), *post* 672, 113 N. E. 244, 246, 114 N. E. 94; *Central Ind. R. Co.* v. *Clark* (1916), 63 Ind. App. 49, 112 N. E. 892, 893.

The substance of the interrogatories, omitting formal and unquestioned facts, is as follows: That appellee was in the employment of appellant in 1912, and was ordered by appellant's general superintendent to work as fireman with John R. Colle, as engineer, and so continued up to the time of his injury; that it was the duty of the engineer and fireman to look after and make repairs of steam pipes anywhere in appellant's factory; that Bert Garretson was working in said factory for appellant as a pipe fitter on November 17, 1912, under the control of said engineer, and under the control and direction of Lora E. Pool, the general superintendent aforesaid; that by order of said superintendent appellee, on November 17, 1912, was working with and under the control and direction of said John R. Colle; that Bert Garretson was on said day doing some pipe fitting on pipes running

from the factory room to the engine room; that, at the request of Garretson, Colle directed appellee to assist Garretson in the work he was doing, and appellee thereupon complied with such directions; that the work required two men, and appellee ascended a ladder to reach the pipes which passed through an opening at the top of a window between the engine and factory rooms; that appellee expressed fear of the ladder and Garretson told him that he had been up on the ladder and would hold it until appellee got up; that appellee said to Garretson, "Hold the ladder," and then ascended, taking with him a Stilson wrench weighing twelve or fourteen pounds; that Garretson held the ladder until appellee reached the place where he was to work, and then left and went into the engine room, and ascended another ladder reaching to the pipes to help make the connections they were intending to make; that thereupon the ladder on which appellee was standing slipped, and he fell to the cement floor; that the ladder "fell from not being held by Bert Garretson or provided with spikes;" that the ladder so used was an ordinary ladder and had been in and about the factory for several years and had been used by Garretson for eight months and by appellees at different times during two years he had worked in the factory prior to his accident; that the ladder had not slipped or fallen prior thereto, and was the same as it had been for some months.

The only specific reasons assigned by appellant to show that the motion for judgment on the answers of the jury to interrogatories should have been sustained are that the answers show that Bert Garretson, the fellow servant of appellee, owed him no duty to hold the ladder, and that the answers affirmatively show that appellant was not

guilty of any negligence charged in either paragraph of the complaint. The statute authorizes a recovery for negligence of a fellow servant.

4. The general verdict is a finding in appellee's favor as to every issuable fact, including the fact that he was injured by the negligence of a fellow servant.

But the answers also show that the ladder "fell from not being held by Bert Garretson or provided with spikes." This finding follows the averment of negligence in the second paragraph of the com-
3. plaint, and indicates that the verdict rests on that paragraph. Such being the case, questions relating to the first paragraph of complaint, become immaterial. The answers to the interrogatories are not in irreconcilable conflict with the general verdict, and it was not error to overrule the motion for judgment thereon.

In its points and authorities, under the general heading of error in overruling appellant's motion for a new trial, appellant states numerous abstract prop-
5. ositions of law without in any way applying them to any specific point or proposition involved in any ruling of the court arising under the motion for a new trial. No questions are presented by such general statements. *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 627, 103 N. E. 652.

We shall consider the questions presented by the briefs. It is contended that instructions Nos. 7, 8, 12 and 13 given by the court on its motion and Nos. 5 and 7 given at appellee's request deal with questions not within the issues.

An examination of these instructions shows that

each one deals with some phase of the law applicable to the case by reason of the provisions of the statute under which the complaint was drawn. The objection is not well taken as to any one of such instructions.

Appellant asserts that instruction No. 5 given at the request of appellee is erroneous because it is on the subject of liability based on defective appliances and fails to state that appellant must have had reasonable time in which to have repaired the same before a liability can be based thereon. After stating the facts hypothetically with reference to the alleged defective ladder, the instruction, in substance, states that, if the ladder was defective, and such condition was known to appellant, or had existed for such length of time that it might have been known to it by the exercise of ordinary care, appellee did not assume the risk incident to the use of the ladder, and the burden would be on appellant to prove that it did not know and could not have known of such defects by the exercise of ordinary care in time to have remedied the same or discontinued the use of such ladder before appellee was injured.

The instruction is substantially correct under §3 of the Employer's Liability Act, §8020c Burns 1914, *supra*. Furthermore, the same proposition was covered by instruction No. 8 given by the court on its own motion, and the jury were properly instructed in regard thereto.

It is also contended by appellant that certain other instructions given by the court are erroneous and were misleading. An examination of all instructions given shows that the jury was fully and clearly instructed as to the law applicable to the issues and the evidence.

No error prejudicial to appellant has been pointed out. The evidence is sufficient to sustain the verdict. Judgment affirmed.

NOTE.—Reported in 117 N. E. 688. Master and servant: liability of master for injury to servant by defective ladder not forming a part of structure, 13 L. R. A. (N. S.) 687, 40 L. R. A. (N. S.) 832, 51 L. R. A. (N. S.) 337. See under (1) 26 Cyc 1402; (2) 26 Cyc 1396, 1398.