600          PARTRIDGE *et al. v.* ARNOLD *et al.*          [Sept. T.

Opinion of the Court.

# JOHN C. PARTRIDGE *et al.*

## *v.*

# JOHN H. ARNOLD *et al.*

1. MINORS—*creditors of parent no claim on labor.* A father has no present valuable property in the future labor of his minor son, and does not, by the emancipation of the son, withdraw from his creditors any property or fund to which they are legally entitled for the payment of his debts.

2. MARRIED WOMEN—*money advanced to pay for property conveyed to wife prior to* 1861. Money advanced by minor children to pay for property conveyed to their mother, prior to the Marrried Woman's Enabling Act of 1861, did not so become the property of the mother as the owner thereof, that the title to it vested in her husband.

3. SAME—*money paid to the wife for board.* Neither the husband nor his creditors have any claim upon money paid to the wife by persons boarding with them, since the act of 1861, for their board, where it appears she was the meritorious cause.

APPEAL from the Circuit Court of Will county.

Mr. P. A. ARMSTRONG, and Mr. EGBERT PHELPS, for the appellants.

Messrs. FELLOWS & LEONARD, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a creditor's bill, filed by the appellants against John H. Arnold, Lucretia M. Arnold, his wife, John W. Arnold, and Sidney V. Arnold, their sons, appellees, to subject to the payment of sundry judgments in favor of appellants, against John H. Arnold, certain property alleged to be held by the said Lucretia M., John W. and Sidney V., in trust for the said John H. Arnold.

The cause was heard in the court below upon pleadings and proofs, and the bill dismissed. The complainants appealed.

The first piece of property involved, are lots 5 and 8, in block 83, in the village of Lockport, occupied by the said John H. and Lucretia M. as a homestead, which was conveyed to

Lucretia M. by Isaac J. Vail, on the 20th day of April, 1860, the bill alleging that the purchase money was all paid by the said John H.; that he has, from time to time, made valuable improvements upon the premises; that the legal title is held by the said Lucretia M. to protect the property against the creditors of John H., and that she holds the title but as a trustee for him.

The judgments were recovered December 21, 1869, their aggregate amount being $2229, and were rendered on nine several notes, executed by the said John H., two for $314.78, each, on July 12, 1859, payable in six and five months, one for $113.38, on March 17, 1860, payable in one day, and the others in 1860, after the date of the deed, except one, executed in 1866.

The purchase price for this property was $1225, of which $200 was paid down and the balance was payable in nine annual installments, for which notes were given, secured by mortgage. The mortgage, as well as the notes, were executed by both the said John H. and Lucretia M., his wife.

It is in proof that the said John H. never paid a cent of the purchase money, but that it was all advanced and paid by the sons, John W. and Sidney V., for their mother, Lucretia M.

A portion of the purchase money became due and was paid while the sons were under age, and, as to that, it is claimed to be money belonging to the father, as earnings of his children under age. There was evidence that the father had emancipated the sons, and thus given them a right to their own earnings. But it is insisted that can not be done where there are creditors of the father—that he can no more give to the child the avails of his services, to the prejudice of creditors of the father, than he can give any other property. But the contrary appears to be the doctrine of the authorities: that the father is not considered to have any present valuable property in the future labor of a minor son, and that the father, by the emancipation of the son, does not withdraw from his creditors any property or fund to which they are legally entitled for the payment of his debts. *Lord* v. *Poor*, 23 Me. 569; *McClosky*

v. *Cyphert*, 27 Penn. St. 220; *Jennison* v. *Graves*, 2 Blackf. 441; *Lyon* v. *Bolling*, 14 Ala. 753; *Atwood* v. *Holcomb*, 39 Conn. 270.

It is insisted, however, that the cash payment of $200 was furnished in 1860, before the Married Woman's Enabling Act of 1861 was passed, and that the title to that money vested in the husband. We do not consider that money advanced under such circumstances, for such a special purpose, would so become the property of the wife as the owner thereof, that the title to it would vest in the husband.

As the answer avers that the money was advanced by the sons after they came of age, and the evidence is, that it was advanced before they came of age, it is insisted that here was a fatal variance between the allegation and proofs. But the variance was in an unessential point. The material thing was the payment of the money. The time of payment was immaterial.

The money expended for improvements on the place, as was testified to, was furnished in like manner by the sons.

A stock of dry goods the bill charged to have been fraudulently transferred by John H. to his sons, for the purpose of defrauding his creditors. According to the testimony, it was a purchase made by the sons in entire good faith, and for a valuable consideration paid by them; and the interest and part in the business of the store, which the father took afterward, was in the capacity of clerk.

A further charge in the bill is, that John W. and Sidney V. hold in trust, as trustees for John H., the south half of lot 6 in block 81, in Lockport, known as the Fiddyment Block, which was conveyed to the two former in 1869; that it was, in fact, purchased for John H., and the purchase money paid by him. There is less of evidence in support of this charge, than either of the others, and we are entirely satisfied that it fails of being sustained by proof.

The bill also seeks to discover and reach debts, funds and moneys owing and belonging to the said John H., by and in the hands of others; and as the evidence discloses that John

W. and Sidney V., for some years between 1865 and 1870, boarded in the family of John H. and Lucretia M., and paid to her $4.50 per week for their board, a further claim for relief is urged as to this money so received. In regard to any claim in respect to such board bills, the mother would appear, from the evidence, to have been the meritorious cause thereof; and for such money which had so been paid to and received by her, we do not consider that either the said John H. or his creditors are entitled to the aid of a court of equity to compel her to account for and refund the money to them.

As regards a portion of this property, it must be conceded that there is quite strong ground of suspicion of fraudulent conduct as to creditors in relation to it. But the testimony, if deserving of belief, would make out a case of fair conduct. The court below must have regarded the testimony as credible, and have accepted it as such. We hardly regard it as a case which requires the interference of this court with the decree, and think it should rest as rendered by the court below.

The decree will be affirmed.

*Decree affirmed.*