JACKSON HILL COAL COMPANY *v.* VAN HENTENRYCK.

[No. 9,617. Filed October 29, 1918. Rehearing denied December 31, 1918.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Sufficiency.—Averment of Plaintiff's Immaturity.*—In an action against the master by a minor servant for personal injuries, averments that plaintiff was "physically and mentally immature and undeveloped," taken in connection with allegations that he was sixteen years of age and inexperienced in the work assigned to him, and, because of his youth and inexperience, did not comprehend the dangers attending such work, are sufficiently definite as against a motion to make more specific. p. 148.

2. PLEADING.—*Complaint.—Definiteness.*—Averments in a complaint which are so definite and specific as to fully advise defendant as to every phase of the charge made are sufficient as against a motion to make more specific. p. 149.

3. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Definiteness.—Facts within Master's Knowledge.*—In an action against a mining company by a minor servant, who was run over by a mine car that he was operating, an averment in the complaint "that the entry was steep" was sufficiently definite as against a motion that it be made more specific by showing the grade or amount of fall in the entry where the accident occurred, as the facts called for were within defendant's knowledge, or easily ascertainable by it. p. 149.

4. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Averment of Defective Equipment.—Presumption.*—In an action against the master by a servant for personal injuries, where the complaint alleged that certain equipment was defective and unfit at the time it was furnished plaintiff for use in his employment, the master is presumed to have known of the defects and unfitness when such equipment was provided. p. 149.

5. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Averments of Master's Duty.*—Where the complaint in a servant's action against the master for personal injuries shows the relation of master and servant, it need not allege why the master's duty to furnish safe appliances arises, since the master is under that duty as a matter of law. p. 150.

6. PLEADING.—*Complaint.—Allegations as to Master's Duty.—Aiding by Reasons.*—In a servant's action against the master for

personal injuries, if the facts averred in the complaint to show the master's duty to furnish the servant with safe appliances are insufficient, a statement of reasons for such duty will not supply the facts or overcome the defects in the pleading. p. 150.

7. APPEAL.—*Questions Reviewable.—Demurrer to Complaint.— Waiver of Defects.*—Objections to the overruling of the demurrer to the complaint which are not stated in the memorandum accompanying the demurrer are waived and unavailable on appeal. p. 151.

8. MASTER AND SERVANT.—*Defective Appliances.—Presumption as to Master's Knowledge.*—Where a master in the first instance furnished defective and unsuitable places to work or tools to be used by his servant, he is presumed to know of such defects, and the servant's complaint in an action for personal injuries need not aver the master's knowledge in time to replace or repair before the injury. p. 152.

9. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Anticipating Defenses.—Defective Appliances.*—Although the master may avail himself of the defense that defects in appliances furnished by him are latent, and that by the exercise of ordinary care he could not have discovered them in time to have avoided the injury resulting therefrom, the averment of such facts is not essential to the sufficiency of an injured servant's complaint for personal injuries, where the master is charged with negligently furnishing, in the first instance, defective tools, implements, appliances, or providing a defective and unsafe place for the servant to work. p. 152.

10. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Contributory Negligence.*—In a servant's action against the master for personal injuries sustained while driving a mine car, the complaint *held* not to show affirmatively that plaintiff was guilty of contributory negligence. p. 153.

11. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Defenses.—Contributory Negligence.—Assumption of Risk.*—Where the allegations of the complaint in a servant's action against the master for personal injuries bring the case within the terms of the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a et seq. Burns 1914), contributory negligence or assumption of risk, when involved, are matters of defense. p. 153.

12. MASTER AND SERVANT.—*Injuries to Servant.—Defective Appliances.—Evidence.*—In an action against the master by a servant who was injured while driving a mine car, evidence *held* sufficient to sustain allegations of the unfitness of tail chain and mule with which plaintiff was working, and, in view of the nature of the defects and the length of time the mule and chain

had been in use, to warrant the jury in inferring defendant's knowledge of the alleged unfitness. p. 153.

13. TRIAL.—*Incomplete Instruction.—Duty to Request Proper Instruction.*—The giving of an incomplete instruction which correctly stated the proposition of law embraced therein is not reversible error, where appellant failed to present a correct and more complete instruction. p. 155.

14. APPEAL.—*Review.—Instructions.—Consideration in Entirety.*— Instructions should be construed in their entirety, and if, when so considered, they are not erroneous, and clearly and fairly set forth the issues to be tried and the law applicable thereto, no cause for reversal is shown even though the instructions, if taken singly, may be subject to criticism. p. 156.

15. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Negligence.—Invading Province of Jury.*—In a servant's action against the master for personal injuries, an instruction that, if the jury found from a preponderance of the evidence that plaintiff, while in the exercise of ordinary care and without negligence on his part contributing thereto, was injured in consequence of defendant's negligence, as charged in the complaint, he could recover, was not erroneous, when considered with other instructions given, as eliminating the assumption of risk, assuming that defendant was negligent without requiring proof and invading the province of the jury. p. 157.

16. MASTER AND SERVANT.—*Injuries to Servant.—Appliances.— Mule.—Tail Chain.*—Where a mule employed in driving a mine car was hitched thereto by means of a tail chain, the mule and chain were appliances within the meaning of the law. p. 158.

17. APPEAL.—*Review.—Harmless Error.—Instructions.—Damages.* —In a minor servant's action for personal injuries, an instruction on the subject of damages authorizing the jury to consider "how far, if at all, the injuries now or will inconvenience" plaintiff, although somewhat indefinite, was not harmful to defendant, where the same instruction also referred to "the extent of the diminishing and impairment of his earning powers, after attaining his majority," and the jury was also instructed that plaintiff could not recover for any expense incurred in treating his injuries or for loss of wages, or inability to labor previously to arriving at the age of twenty-one. p. 158.

18. DAMAGES.—*Excessive Damages.—Personal Injuries.*—In an action by a minor servant for personal injuries, where the evidence showed that plaintiff's leg was fractured and the bone improperly united, leaving the leg bent, and his back and spinal column was wrenched, bruised and torn, an award of $1,000 will not be reversed as being excessive. p. 160.

From Parke Circuit Court; *George D. Sunkel,* Judge.

Action by Victor Van Hentenryck, by his next friend, Isidore Van Hentenryck, against the Jackson Hill Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Beasley, Douthitt, Crawford & Beasley* and *Maxwell & McFadden,* for appellant.

*Caldwell & Thomas* and *White & Henderson,* for appellee.

FELT, P. J.—This is an action for damages for personal injuries brought by Victor Van Hentenryck, by his next friend, Isidore Van Hentenryck, against the Jackson Hill Coal Company, an Indiana corporation.

The case was tried on the second and third paragraphs of amended complaint and an answer of general denial. The jury returned a verdict for appellee in the sum of $1,000, appellant's motion for a new trial was overruled, judgment was rendered on the verdict and this appeal taken.

The errors assigned and not specifically waived by appellant are based upon (1) the overruling of appellant's motion to make each paragraph of amended complaint more specific; (2) the overruling of appellant's separate demurrers to each of the second and third paragraphs of complaint, and the overruling of its motion for a new trial.

Omitting formal averments about which there is no controversy, the amended second paragraph of complaint, in substance, charges that· on March 17, 1914, appellant was a duly organized corporation under the laws of the State of Indiana, and owned and operated a coal mine in Sullivan county, in said state,

known as mine No. 2; that then and prior thereto it was engaged in business, trade and commerce in said state and in such business of mining coal employed more than five persons; that on March 9, 1914, plaintiff was sixteen years of age and physically and mentally immature and undeveloped; that on said day defendant employed him to work as a driver in said mine and placed him in charge of one of its mules; that to do the work required of him it was necessary for him to ride between the mule and car with one foot on the bumper of the car and the other on the tail chain by means of which the mule was hitched to and drew the car, and with one hand placed on top of the car and the other on the mule; that such work was inherently dangerous and hazardous to life and limb because of the liability of such driver to be thrown from his car or to be caught and squeezed between the car and the mule driven by him; that at that time plaintiff was wholly without experience in such work, all of which was known to defendant; that, because of his youth and want of experience, plaintiff was wholly unable to comprehend and judge of the dangers attending such work and was without capacity to do the work aforesaid; that it was the duty of defendant to use ordinary care to furnish plaintiff a reasonably sound, safe, fit and suitable mule with which to do the work required of him, and it did not do so, but carelessly and negligently provided him with a mule which was unsafe, dangerous, lame, mean, unreasonably slow, vicious, balky, and wholly unfit for such work, all of which defendant knew in time to have discontinued the use of said mule in time to have avoided the injury received by plaintiff; that on the eighth day after plaintiff was so

employed, and while in the discharge of the duties
required of him as such driver, he was hauling a car
heavily loaded with coal toward the cage; that the
entry was steep, and on account of such facts the
car moved rapidly down the entry and ran against
the mule aforesaid, because he was lame, unreason-
ably slow and balky; that plaintiff was riding in the
manner above indicated, and was caught and squeezed
between said mule and car; that thereupon, to save
himself from being crushed and killed, he struck the
mule, which suddenly jumped and threw plaintiff
under the car and injured him; that thereby his left
leg was broken, cut, bruised and crushed, his back
and spinal column wrenched, sprained and torn; that
in healing the bones of his leg were so united that his
leg is bent and bulged forward; that his injuries are
permanent and were all caused solely by the wrong-
ful, careless and negligent acts of defendant afore-
said, and without any fault on his part. Facts are
also alleged to show how long plaintiff was confined
on account of his injuries, the amount expended for
medical treatment and nursing, his loss of time, his
earning capacity and the depreciation thereof on
account of such injuries.

The amended third paragraph in most of its aver-
ments is similar to the second paragraph, except it
is therein alleged that it was the duty of defendant
to furnish plaintiff with a tail chain of suitable length,
and one which would enable him as such driver to
ride between the mule and car with one foot on the
bumper of the car and the other on the tail chain,
with one hand on the top of the car and the other on
the mule; that defendant did not exercise ordinary
care to discharge such duty to plaintiff, but care-

lessly and negligently furnished him a tail chain seven feet in length, which was wholly unfit for such use, because when stretched to its full length plaintiff could not reach from the car to the mule and ride in the manner aforesaid, all of which was known to defendant in time to have repaired said tail chain, or to have discontinued its use in time to have avoided the injury suffered by plaintiff. Facts are then averred which show that plaintiff's fall and injury were caused by the use of such chain, which allowed the mule to move so far from the car that plaintiff could not reach from the car to the mule, and on account thereof fell and was injured as set out in said second paragraph of complaint.

Appellant moved to have the second amended paragraph of complaint made more specific by showing (1) in what way plaintiff was physically and mentally immature, and the length of time such facts were known to appellant; (2) whether it was necessary for plaintiff to ride between the mule and car as alleged; (3) the grade or amount of fall in the entry where the accident occurred; (4) in what way, and with what he struck the mule and the amount of the force used in so doing; (5) in what way defendant failed to use ordinary care as to said mule and for what period of time appellant knew of the defects and unfitness of the mule; (6) what connection, if any, the leap or jump of the mule had with the fall of the plaintiff.

The averments that plaintiff was physically and mentally immature, taken in connection with the averments as to his age and inexperience, are suffi-

1. ciently definite for any purpose they serve in the case. They have some bearing upon the

propositions as to whether appellee knew and appreciated the hazards of the work he was employed to do, but the complaint would be good without the charge of immaturity. By its material averments appellant was fully advised as to the character of the charge of negligence made against it, and given ample information to enable it to prepare its defense thereto.

The averments relating to the second, fourth, fifth and sixth points above indicated, as far as material,

2. are sufficiently definite and specific to fully advise appellant as to every phase of the charge made against it. Some of the details requested could only be supplied by averring mere evidentiary facts.

The facts called for in the third point were peculiarly within the knowledge of appellant, or

3. easily ascertainable by it. Any additional averment could not have aided appellant, either in the preparation of its defense or in the trial of the case.

By similar motion directed to the amended third paragraph of complaint, appellant asked that appellee state (1) why appellant owed him the duty of using ordinary care to furnish a tail chain of suitable and proper length; (2) how long before the accident it knew the chain was unfit and unsuitable as alleged; (3) what caused him to fall, and whether the fact that he was unable to reach from the car to the mule caused him to be thrown to the ground.

The allegations show the relation of employer and employe, the character of the work to be done by

4. appellee, and the equipment furnished by appellant for the use of appellee as a driver. They also show that the alleged defects or

unfitness existed at the time the tail chain and mule were furnished appellee. Under such averments appellant is presumed to have known of the defects and unfitness when the alleged appliances were furnished. The duty arises as a matter of law from the relation of the parties. The averments show the relation and the law supplies the reason. Further than a sufficient statement of facts, good pleading does not require or permit the elaboration of reasons for the rules of law applicable to the case made by the facts. If the facts averred are not sufficient, the statement of such reasons will not supply the facts or overcome the defects in the pleading. The details called for by the motion were either sufficiently shown by the averments made or were not of such a character as to deprive appellant of any substantial right, or to prejudice its defense, by the action of the trial court in overruling such motion. For the reasons already stated, the court did not commit reversible error by overruling the motions aforesaid. *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 296, 76 N. E. 1060; *Premier Motor Mfg. Co.* v. *Tilford* (1916), 61 Ind. App. 164, 167, 111 N. E. 645; *Haehnel* v. *Seidentopf* (1916), 63 Ind. App. 218, 114 N. E. 422; *S. W. Little Coal Co.* v. *O'Brien* (1917), 63 Ind. App. 504, 113 N. E. 465, 467, 114 N. E. 96.

Appellant contends that the trial court erred in overruling its separate demurrers for insufficiency of facts to state a cause of action, directed to the second, and also to the third amended paragraph of complaint, because of the failure to allege certain details, viz.: (a) That appellee could not safely have gotten off the car before it ran against the mule;

(b) that he could not have struck the mule before he was caught; (c) that to retain his position on the car as driver, it was necessary for him to reach from the car to the mule; (d) that he could not have retained his position on the car after he struck the mule; (e) that neither the alleged unfit mule, nor the alleged unsuitable or defective tail chain constitutes a defective implement, tool, or appliance within the meaning of §3 of the Indiana Employers' Liability Act. Acts 1911 p. 145, §8020a *et seq.* Burns 1914.

The memorandum accompanying the demurrer contains no such points, and the same are therefore waived and unavailable on appeal. *Stiles* v. 7. *Hasler* (1914), 56 Ind. App. 88, 90, 104 N. E. 878; *Hedekin Land, etc., Co.* v. *Campbell* (1916), 184 Ind. 643, 645, 112 N. E. 97; *Blair Baker Horse Co.* v. *Railroad Transfer Co.* (1915), 59 Ind. App. 505, 507, 108 N. E. 246; *Bossert* v. *Geis* (1914), 57 Ind. App. 384, 393, 107 N. E. 95.

Appellant also asserts that the facts alleged do not show that any negligence of appellant was the proximate cause of appellee's alleged injury; that the second amended paragraph does not allege facts to show that appellant knew of the unfitness of the mule in time to have discontinued the use of the same before appellee was injured, and, in substance, the same point is made as to the third amended paragraph with reference to the tail chain. Also that the allegations of the complaint are mere conclusions supported by no facts, and show that appellee assumed the risk of his employment and was guilty of negligence which contributed to his injury.

The averments relating to the unfit mule and tail chain in substance charge that appellant in the first

instance negligently furnished such mule and 8. chain with knowledge of their unfitness and with knowledge of appellee's want of experience in the work he was employed to do. Where the master constructs or furnishes defective and unsuitable places or tools, implements and appliances to be occupied or used by his servant, he is presumed to know of such defects or unfitness, and the rules which in certain cases require averments of such defects or unfitness, and of time to replace or repair the same before injury, are not applicable.

If the defects are latent, and the master, by the exercise of ordinary care, could not have ascertained or known of such defects in time to have avoid- 9. ed the resultant injury therefrom, he may avail himself of such facts as a means of defense, but they are not essential to the sufficiency of a complaint where the master is charged with negligently furnishing, in the first instance, defective tools, implements, appliances, or providing a defective and unsafe place in which the servant is to work. *S. W. Little Coal Co.* v. *O'Brien, supra; American Rotary Valve Co.* v. *Bowman* (1918), 66 Ind. App. 662, 117 N. E. 688, 690; *Indiana Nat. Gas, etc., Co.* v. *Vauble* (1903), 31 Ind. App. 370, 373, 68 N. E. 195; *Louisville, etc., R. Co.* v. *Berkey* (1894), 136 Ind. 181, 193, 35 N. E. 3; *Indiana, etc., R. Co.* v. *Snyder* (1895), 140 Ind. 647, 652, 39 N. E. 912; *Louisville, etc., R. Co.* v. *Miller* (1895), 140 Ind. 685, 686, 40 N. E. 116; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12, 18, 40 N. E. 128.

The averments do not affirmatively show appellee guilty of negligence which contributed to his injury.

The allegations invoke the provisions of the Employers' Liability Act of 1911, *supra,* and the question of the employe's contributory negligence, or of his assumption of risk, when involved, are matters of defense. The court did not err in overruling the demurrer to either paragraph of the complaint. *American Rotary Valve Co.* v. *Bowman, supra; S. W. Little Coal Co.* v. *O'Brien, supra; Standard Steel Car Co.* v. *Martinecz* (1918), 66 Ind. App. 672, 113 N. E. 244, 246, 114 N. E. 94; *J. Wooley Coal Co.* v. *Tevault* (1918), 187 Ind. 171, 118 N. E. 921, 119 N. E. 485.

Under the motion for a new trial appellant insists that the verdict is not sustained by sufficient evidence. In support of this contention it is asserted that the evidence wholly fails to show any knowledge on the part of appellant that the mule or the tail chain was unfit for the purposes they were used in appellant's mine, and therefore no actionable negligence was proved against appellant.

There is evidence tending to prove that the mule appellee was driving when injured had been used in appellant's mine for about seven years before the accident; that one of its hoofs had been partly torn off; that he had been operated on by a veterinary surgeon, was lame, deaf, old, slow, and hard to manage; that appellee had driven him for about seven or eight days before he was injured and that no one told him anything about the mule or how to handle the car when he began to drive. There was also evidence tending to show that the tail chain used by appellee was over six feet long and that five feet was the proper length for him to use. Both mule and the tail chain were in substantially the same con-

dition when furnished appellee as at the time of the accident. There is evidence therefore tending to sustain the allegations of unfitness, and from the nature of the defects and the length of time the mule and chain had been in use, the jury was warranted in inferring knowledge on the part of appellant. Furthermore, under the authorities above cited, appellant, having furnished the mule and chain, in the first instance, in substantially the same condition they were in at the time of the accident, is presumed to have known of the alleged defects at the time they were so furnished.

Appellant also contends that the undisputed evidence shows such a state of physical facts as to preclude a recovery; that the track over which the car ran was up grade for sixty or sixty-five feet immediately preceding and leading up to the place of the accident, and for that reason the car could not have run against the mule as contended by appellee.

There is also evidence tending to show that the track was hilly; that there were some bumps and obstructions by pieces of rock and coal and that it sloped toward the bottom, and was about level where the car stopped when appellee was injured. Also that appellee was squeezed between the mule and the car, that he struck the mule, that it moved forward, that his foot missed or slipped off the chain, that he could not reach the mule, and fell and was injured by the car. While there is evidence of the kind referred to by appellant, it is not undisputed, and the contention of appellant cannot be sustained.

Considering the evidence, and the inferences the jury may reasonably have drawn therefrom, as presented on appeal, we are compelled to hold that the verdict is sustained by sufficient evidence.

Appellant also complains of the giving of certain instructions to the jury, and of the refusal of the court to give certain instructions tendered by it.

Some of the objections need not be discussed further than to note that they are predicated upon the proposition that the case made by the complaint does not come within the provisions of the Employers' Liability Act of 1911, *supra.*

It is urged that the court erred in the first instruction because he read to the jury each paragraph of the complaint on which the case was tried, and informed the jury that, to recover, appellee must prove the material allegations of some one of such paragraphs by a fair preponderance of the evidence, without specifically stating to the jury what such material allegations were. It is also contended that appellant's instructions Nos. 43, 49 and 65 tendered by it and refused by the court supplied the requisite statement of the issues and that the court erred in refusing to give the same to the jury.

Instruction No. 1 given by the trial court, though not commendable in form, was not erroneous. No instruction tendered by appellant states clearly

13. and specifically the material issues of the complaint. The instruction given being correct as to the general proposition of law stated therein, and appellant having failed to present a correct and more complete statement of the issues in any instruction tendered, fails to show any cause of reversal because of the giving of instruction No. 1 aforesaid. *New Castle Bridge Co.* v. *Doty* (1906), 168 Ind. 259, 266, 79 N. E. 485; *Indianapolis, etc., Traction Co.* v. *Newby* (1910), 45 Ind. App. 540, 545, 90 N. E. 29, 91 N. E. 36.

Instruction No. 43, tendered and refused, dealt with the allegations relating to the furnishing by appellant of an unfit mule, and told the jury that the same were material, and, to be entitled to recover on the second paragraph of complaint, appellee must prove the same by a fair preponderance of the evidence. Instruction No. 49 refused by the court was in substance the same as No. 43, except it related to the tail chain and the third paragraph of the complaint. The substance of instructions Nos. 43 and 65, refused, was given to the jury in several other instructions tendered by appellant, particularly instructions Nos. 44, 62 and 64. Instructions Nos. 28, 42 and 52 so tendered and given also helped to make plain to the jury the material averments of the second paragraph of the complaint.

Instruction No. 51 so tendered and given clearly indicates the material averments of the third paragraph as set forth in instruction No. 49 refused by the trial court. Instructions Nos. 28, 42 and 52, tendered by appellant and given by the court, also indicated the material averments of each paragraph of the complaint.

14. Instructions should be considered in their entirety, and if, when so considered, they are not erroneous, and clearly and fairly set forth the issues to be tried and the law applicable to the case, no cause for reversal is shown, even though the instructions taken singly may be subject to criticism. *Walley* v. *Wiley* (1914), 56 Ind. App. 171, 179, 104 N. E. 318; *Smith* v. *Graves* (1915), 59 Ind. App. 55, 66, 108 N. E. 168; *Louisville, etc., R. Co.* v. *Grantham* (1885), 104 Ind. 353, 358, 4 N. E. 49; *Cullman* v. *Terre Haute, etc., Traction Co.* (1915), 60 Ind. App. 187, 190, 109 N. E. 52.

Instruction No. 7 given by the court is objected to as erroneous because it is asserted that it eliminates assumption of risk, assumes that appellant was guilty of negligence without requiring proof thereof, and invades the province of the jury.

15.

Instruction No. 7 is as follows: "If you find from a preponderance of the evidence that the plaintiff, while in the exercise of ordinary care and without negligence on his part contributing thereto, was injured by or in consequence of the negligence of the defendant, as charged in the complaint, or in any paragraph thereof, then you should find for the plaintiff." The instruction is not open to the objections urged against it. When considered in connection with the other instructions, in the light of the issues and the law applicable thereto, it was a correct instruction. Appellant is charged in the complaint with negligently furnishing appellee with unfit appliances and instrumentalities with which to do the work of a driver in the coal mine, and it is also averred that his injuries resulted from such negligence. If he was so injured, without fault or negligence on his part contributing thereto, he was entitled to recover as stated in the instruction, for in such cases appellee is presumed to have had knowledge of the defects or unfitness of the appliances so furnished.

Objection is also urged to instruction No. 8, because it in substance informed the jury that, if the allegations relating to the tail chain were proved by the evidence, the same was an appliance within the meaning of the law. A similar objection is urged to instruction No 12, which in the same way informed the jury that the mule furnished appellee was an appliance within the meaning of the law.

The question as it relates to an animal has not been determined directly in this jurisdiction so far as we are advised, but there is ample authority to sustain the correctness of such instructions.

In 4 C. J. 1378, an appliance is defined to be "a thing applied or used as a means to an end," and it is therein stated that the term is very broad and comprehensive in its meaning, and includes not only inanimate things, such as machinery, tools and ways, but also human beings and animals generally. Mules and horses have been considered as appliances where furnished by the master for the use of his servant in the performance of some work the latter was required to do by his employment. 3 Labatt, Master and Servant (2d ed.) §1109, p. 2917; *Manufacturers' Fuel Co.* v. *White* (1907), 228 Ill. 187, 81 N. E. 841, 843; *Leigh* v. *Omaha St. R. Co.* (1893), 36 Neb. 131, 54 N. W. 134; *Hammond* v. *Johnson* (1893), 38 Neb. 244, 56 N. W. 967, 969; *Arkansas Smokeless Coal Co.* v. *Pippins* (1909), 92 Ark. 138, 122 S. W. 113, 114, 19 Ann. Cas. 861; *Wilson* v. *Sioux, etc., Min. Co.* (1898), 16 Utah 392, 52 Pac. 626, 627; *McCready* v. *Stepp* (1904), 104 Mo. App. 340, 78 S. W. 671; *McGarry* v. *New York, etc., R. Co.* (1892), 60 N. Y. Super. Ct. 367, 18 N. Y. Supp. 195; *Berenson* v. *Butcher* (1911), 209 Mass. 208, 95 N. E. 229; *Stutzke* v. *Consumers Ice, etc., Co.* (1911), 156 Mo. App. 1, 136 S. W. 243, 245; *Farmer* v. *Cumberland Tel., etc., Co.* (1905), 86 Miss. 55, 38 South. 775.

It is also contended that the court erred in giving instruction No. 15; that it gave the jury an erroneous idea of the damages that might be assessed in case they found for the plaintiff, by authorizing them to consider "how far, if at all, the

injuries now or will inconvenience" appellee. The expression objected to standing alone is somewhat indefinite, but appellant was in no way harmed by it, for the court in the same instruction refers to "the extent of the diminishing and impairment of his earning powers, after attaining his majority, if any." The court also gave instruction No. 67 requested by appellant, which is as follows: "Even if you should find by a preponderance of all the evidence in this case that the plaintiff is entitled to recover, he is not entitled in any event to recover anything at your hands for expenses of physicians, nurse hire, or any expenses incurred in treating his alleged injuries, or for any loss of wages, or inability to labor during the period previous to his arriving at twenty-one years of age."

Other objections to the instructions are suggested, but we are not justified in further extending this opinion to consider them in detail. Some of the suggestions are already met by this opinion. Many of them depend for their merit upon the proposition that the case does not come under the provisions of the Employers' Liability Act, *supra,* which we have decided adversely to appellant's contention.

Appellant tendered sixty-eight instructions, of which number the court gave to the jury forty-six. Considering all the instructions given in their entirety, they fairly and accurately informed the jury as to the issues to be tried, and the law applicable to the issues and the evidence. Appellant was deprived of no substantial right, and the jury could not have been misled by any of the instructions given.

Appellant also contends that the judgment should be reversed because the damages awarded are exces-

sive. The award of $1,000 under the circumstances shown by the evidence is not such an amount as under the rules of appellate procedure would warrant the reversal of the judgment on account thereof. *Southern R. Co.* v. *Crone* (1912), 51 Ind. App. 300, 305, 99 N. E. 762.

The case seems to have been fairly tried on its merits. No intervening error has been pointed out which will warrant a reversal. The judgment is therefore affirmed.