DEEP VEIN COAL COMPANY *v.* WARD, ADMINISTRATRIX.

[No. 9,754. Filed May 9, 1919.]

1. APPEAL.—*Review.—Ruling on Demurrer.—Scope of Review.— Statute.*—Under §344, cl. 6, Burns 1914, Acts 1911 p. 145, objections to the sufficiency of the complaint presented in appellant's

brief, but not specified in the memorandum filed with the demurrer, cannot be considered on appeal.  p. 164.

2.  TRIAL.—*Incomplete Instructions.*—*Duty to Request Proper Instructions.*—In an action for personal injuries, an instruction that it was not necessary for plaintiff to prove any immaterial allegations of the complaint, although incomplete, is not reversible error, it being defendant's duty in such case to present and request an instruction correctly stating the issues.  p. 164.

3.  MASTER AND SERVANT.—*Injuries to Servant.*—*Employers' Liability Act.*—*Applicability.*—*Instructions.*—In an action for the death of a servant based on the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), an instruction that the act applied, if defendant was employing five or more men in its business, was not subject to the objection that it informed the jury that the employment of five or more men was the only prerequisite to the application of the act, where the uncontradicted evidence showed that defendant was operating a large coal mine, and employed more than 250 men in the mining and marketing of its coal, and other instructions informed the jury that there could be no recovery under the act unless it was shown by a preponderance of the evidence that the employe met his death as a result of defendant's negligence, as charged in the complaint. p. 164.

4.  APPEAL.—*Review.*—*Refusal of Instructions.*—The refusal of requested instructions, even though they state the law correctly, is not error, where they were covered by others given by the court. p. 166.

5.  TRIAL.—*Misconduct of Counsel.*—*Improper Argument.*—Where appellee's counsel made statements outside of the evidence in his closing argument to the jury, but the record shows that the alleged objectionable statement was made in response to remarks equally as objectionable made by appellant's counsel, such misconduct is not reversible error.  p. 166.

6.  APPEAL.—*Review.*—*Intervening Errors.*—*Correct Result.*—*Affirmance.*—*Statutes.*—Where there is evidence to support every material averment of the complaint, and it fully appears from the record that the cause was fairly tried and a correct result reached, the judgment will be affirmed under §§407, 700 Burns 1914, §§398, 658 R. S. 1881, regardless of error, if any, in the admission and rejection of evidence.  p. 166.

From Vigo Superior Court; *Fred W. Beal,* Judge.

Action by Anna E. Ward, administratrix of the estate of William Ward, deceased, against the Deep

Vein Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles C. Whitlock, Albert R. Owens, Presley O. Colliver, W. B. Hess* and *Charles Hellison,* for appellant.

*Foley & O'Mara, Walker & Blankenbaker* and *Thomas J. Roach,* for appellee.

REMY, J.—On July 12, 1911, appellee's decedent, William Ward, was in the employ of the Deep Vein Coal Company, appellant herein, in the operation of what is known as a cutting machine. The machine was run by electric power, and was used to cut under the face of the coal in the mine so as to expedite the removal of the coal. While appellee's decedent and a helper were in the line of their employment operating said machine, at a point in the mine as directed by chalk marks placed there by appellant, a large piece of rock or slate, forming the roof of the mine at said point, fell, instantly killing said decedent. This action is to recover for the death of said employe which it is claimed resulted from appellant's negligence. The complaint is based upon the Employers' Liability Act of 1911. Acts 1911 p. 145, §80201 *et seq.* Burns 1914. Separate demurrers to the three paragraphs of complaint were overruled, and the issues joined by appellant's answer in denial. A trial by jury resulted in a verdict for appellee for $3,000. The alleged errors relied on for reversal are: (1) The action of the trial court in overruling the separate demurrers to the several paragraphs of the complaint; and (2) the overruling of the motion for a new trial.

The objections to the complaint which are presented by appellant in its brief were not specified in its

memorandum filed with the demurrers, and therefore cannot be considered on appeal. §344, cl. 6, Burns 1914, §339 R. S. 1881; *Jackson Hill Coal Co.* v. *Van-Hentenryck* (1918), 69 Ind. App. 142, 120 N. E. 664.

Error is predicated upon the action of the court in giving to the jury on its own motion instruction No. 1, also on the giving of twenty-one several instructions at the request of appellee, and on the refusal of the court to give twelve several instructions tendered by appellant.

Instruction No. 1 given by the court on its own motion told the jury "that it is not necessary for the plaintiff in order to recover to prove any immaterial allegations of the complaint." The instruction in the form given is incomplete, but incompleteness in an instruction presents no reversible error. Appellant should have presented, and requested the court to give, an instruction correctly stating the issues. *Vandalia Coal Co.* v. *Coakley* (1916), 184 Ind. 661, 111 N. E. 426; *Jackson Hill Coal Co.* v. *Van Hentenryck, supra.*

Instruction No. 8, given by the court at appellee's request, to which objection is specially urged, is as follows: "I instruct you that if you find that the Deep Vein Coal Company was employing five or more men on July 12, 1911, in its alleged business of coal mining, the provisions of the Employers' Liability Act of 1911, applies to this case."

It is urged that by this instruction the jury were told that the only prerequisite to the application of the Employers' Liability Act, *supra,* to the case was the employment of five or more men on the day of the accident without regard to whether the appellant

was engaged in business, trade, or commerce, as required by the act, and without regard to whether decedent's death resulted in whole or in part from the negligence of appellant or its representatives, or by reason of any defect, mismanagement, or insufficiency due to its negligence. There was no reversible error in the giving of this instruction. The uncontradicted evidence shows that at the time in controversy appellant was operating a large coal mine, and had in its employ in the mining and marketing of its coal employes to the number of 250 or more; and by other instructions the jury were fully informed that under the Employers' Liability Act there could be no recovery, unless it was shown by a preponderance of the evidence that appellee's decedent met his death as a result of appellant's negligence as averred in the complaint. In fact, the court read to the jury, as a part of his instructions, §§1, 2 and 3 of the Employers' Liability Act, *supra*. The jury could not have been misled by the instruction.

Objection is made to instruction No. 31, given by the court at appellee's request. This instruction told the jury that, if they found from the evidence that appellant company had in its employ certain day men whose duties were to remove loose slate and other material from the roof of that part of the mine where appellee's decedent was required to work, and where he lost his life, and that such men were in its employ at the time of, and immediately before, the accident, then the negligence of such day men was the negligence of appellant company. It is the contention of appellant that the complaint proceeds upon the theory that the only negligence charged is the negligence of the mine boss, and that it was error to charge the

jury that appellee could recover if the evidence showed that the negligence was that of fellow servants. Appellant would give to the complaint too narrow a construction. Each paragraph proceeds upon the theory that the negligence charged was the negligence of appellant. The instruction is within the issues, and the giving of it was not error.

We have examined the other instructions of which complaint is made; also all instructions tendered by appellant, and which were by the court refused.

4. The requested instructions which stated the law correctly were covered by others given by the court. The instructions given by the court when taken as a whole fairly state the law of the case.

It is claimed by appellant that a new trial should have been granted on the ground that appellee's counsel was guilty of misconduct in making a statement outside the evidence in his closing argu-
5. ment to the jury. It appears from the record that the alleged objectionable statement was made in response to remarks equally objectionable which had been made by appellant's counsel. Misconduct arising under such circumstances is not reversible error. *Haskell, etc., Car Co.* v. *Timm* (1919), (Ind. App.) 122 N. E. 788.

Appellant asserts that the verdict of the jury is not sustained by sufficient evidence, and also complains of numerous rulings of the trial court as to the
6. admission and exclusion of evidence. We have carefully examined the evidence, and, inasmuch as there is evidence to support every material averment of the complaint, and since it fully appears from the record that the cause had been fairly tried and a·correct result reached, no good purpose would

be subserved by extending this opinion to discuss in detail the many rulings of the court on the admission and rejection of evidence. Even though we should find errors, they would have to be disregarded. *Harris* v. *Randolph County Bank* (1901), 157 Ind. 120, 138, 60 N. E. 1025. No rule of law is more important, and none is more binding on this court, than the rule fixed by the correct result statutes (§§407, 700 Burns 1914, §§398, 658 R. S. 1881), which requires an affirmance if it appears from the record that the decision of the trial court has resulted in substantial justice.

We find no reversible error. Judgment affirmed.