including contributory negligence on the part of plaintiff. We find no error.

AFFIRMED.

---

FRANZ SCHRAMM, PLAINTIFF: EDWARD G. MUELLER, AD-MINISTRATOR, APPELLEE, v. WILBER CASEY, APPELLANT.

Filed April 21, 1923.    No. 22291.

1. **Master and Servant:** APPLIANCES. A master is required to exercise ordinary care to provide reasonably safe appliances for servants, but is not necessarily required as a matter of law to furnish safe appliances.

2. ——: ——: INSTRUCTIONS. In an action by a servant to recover damages caused by the negligence of his master in knowingly furnishing, without sufficient warning, a vicious team having a propensity to frighten at motor vehicles and to run away, it may be reversible error to instruct the jury that it was the duty of the master as a matter of law to furnish a safe team.

3. **Trial:** INSTRUCTIONS. A correct instruction at variance with another instruction misstating the law and discrediting a defense interposed by a defeated defendant does not cure the error.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Reversed.*

*Williams, Hurd & Neighbors,* for appellant.

*Hastings, Ritchie, Canaday & Mantz, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY and GOOD, JJ.

ROSE, J.

This is an action to recover damages in the sum of $10,000 for negligence resulting in personal injuries. Plaintiff, 71 years of age, was employed by defendant to haul a load of lumber from Bayard to his employer's farm, a distance of a few miles. The employment required plaintiff to use a team and a wagon owned and furnished by defendant. Plaintiff delivered the lumber at the place designated; but, while returning astride the coupling on the running gears of the empty wagon, the team took fright at a gasoline tractor on the road,

FRANZ SCHRAMM, PLAINTIFF: EDWARD G. MUELLER, ADMINISTRATOR, APPELLEE, V. WILBER CASEY, APPELLANT.

FILED APRIL 21, 1923. No. 22291.

1. **Master and Servant:** APPLIANCES. A master is required to exercise ordinary care to provide reasonably safe appliances for servants, but is not necessarily required as a matter of law to furnish safe appliances.

2. ————: ————: INSTRUCTIONS. In an action by a servant to recover damages caused by the negligence of his master in knowingly furnishing, without sufficient warning, a vicious team having a propensity to frighten at motor vehicles and to run away, it may be reversible error to instruct the jury that it was the duty of the master as a matter of law to furnish a safe team.

3. **Trial:** INSTRUCTIONS. A correct instruction at variance with another instruction misstating the law and discrediting a defense interposed by a defeated defendant does not cure the error.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Reversed.*

*Williams, Hurd & Neighbors,* for appellant.

*Hastings, Ritchie, Canaday & Mantz,* contra.

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY and GOOD, JJ.

ROSE, J.

This is an action to recover damages in the sum of $10,000 for negligence resulting in personal injuries. Plaintiff, 71 years of age, was employed by defendant to haul a load of lumber from Bayard to his employer's farm, a distance of a few miles. The employment required plaintiff to use a team and a wagon owned and furnished by defendant. Plaintiff delivered the lumber at the place designated; but, while returning astride the coupling on the running gears of the empty wagon, the team took fright at a gasoline tractor on the road,

ran away, threw plaintiff under the wheels and severely injured him. The negligence imputed to defendant seems to be that of knowingly furnishing to plaintiff, without sufficient warning, a vicious team having a propensity to frighten at motor vehicles and to run away, plaintiff himself having no such knowledge. The employment, service and injuries are not in dispute, but defendant in his answer denied negligence on his part and pleaded negligence of plaintiff as the cause of his injuries. Defendant also pleaded warning of danger and assumption of risk. Upon a trial of the issues the jury rendered a verdict in favor of plaintiff for $600. Defendant has appealed from a judgment thereon.

It is contended that there was no evidence to sustain a verdict in favor of plaintiff, but the pleadings and proofs nevertheless presented issues of fact for the determination of the jury. The judgment, however, must be reversed for the giving of the following erroneous instruction:

"The defendant has admitted that the plaintiff was in his employ when the runaway complained of occurred. This fact creates the legal relationship of master and servant between the defendant and the plaintiff; and it is a fundamental rule of law that, in such a relationship, the master is to furnish the servant with such appliances (in this case a safe team and wagon) as are suitable and may be used with safety; and if the servant is injured by reason of defective appliances, placed in his hands by the master, the master will be liable unless he can clearly show that he has used ordinary care and diligence in the selection of the same."

The error consists in what practically amounts to an instruction that it was the duty of defendant to furnish "a safe team and wagon." The law is that a master is required to exercise ordinary care to provide reasonably safe appliances for his servants. *Vanderpool v. Partridge*, 79 Neb. 165. Defendant tries to justify the giving of this instruction under the first paragraph of the syllabus in

*Leigh v. Omaha Street R. Co.*, 36 Neb. 131, as follows:

"It is the duty of a master to furnish his servants with such appliances for his work as are suitable and may be used with safety, and if the servant is injured by reason of defective appliances furnished by his master, the latter will be liable for damages unless he can show that he has used due care in the selection of the same."

The difference between the two statements of the law is obvious. One requires a master "to furnish his servants with such appliances for his work as are suitable and may be used with safety," while the jury may infer from the other that it was the duty of defendant to furnish "a safe team and wagon."

In the argument of plaintiff reference is made to another instruction to the effect that an employer is not the insurer of his employee, but this does not cure the error. It is not shown that it was harmless. On the contrary prejudice is evident. Defendant in his testimony recognized danger in driving the team, but he offered proof that plaintiff, knowing the hazard, assumed the risk. The instruction to the effect that it was the duty of defendant to furnish "a *safe* team and wagon" not only misstated the law but discredited the defense of assumption of risk—an issue on which the evidence was conflicting. The inference of prejudice seems unavoidable. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.