MARY HANSEN, APPELLANT, V. MABEL JASMER, APPELLEE.

FILED APRIL 16, 1925. No. 23049.

Master and Servant: DUTY OF MASTER. The law imposes upon an employer the duty of exercising ordinary care and caution to provide a reasonably safe place for his servant to work, and also imposes a like duty upon the employer not to send or direct his servant to go into a place of danger without warning him, where the danger is not apparent and is unknown to the servant.

APPEAL from the district court for Knox county: WILLIAM V. ALLEN, JUDGE. *Reversed.*

*J. F. Green* and *M. F. Harrington,* for appellant.

*Fred H. Free* and *Richard Steele, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

GOOD, J.

Action for personal injuries by a servant against her master, grounded on the alleged negligence of defendant in failing to use ordinary care to provide plaintiff a safe place in which to work, and in sending her into a place of danger without warning. At the conclusion of plaintiff's evidence, there was a directed verdict for defendant. Plaintiff appeals.

The appeal presents but one question, viz.: Was there sufficient evidence of defendant's negligence to require the submission of the case to the jury?

Plaintiff was employed in defendant's home to perform household work. Within an hour after she began work, plaintiff was directed to carry a pail of rubbish or refuse to the furnace room in the basement. To reach the furnace room she was required to pass through a laundry room in the basement, and thence through a doorway into the furnace room. The floor of the latter was about 18 inches lower than that of the laundry room. In the furnace room, directly in front of the doorway from the laundry, was a step made of a 2-inch board resting at either end upon blocks, which were not fastened or secured to the floor. It is not quite clear whether the board, constituting the tread of the step, was fastened to the blocks. In entering the furnace room plaintiff was required to use this step, and in doing so either the board slipped from the blocks or the step, with the blocks, turned over, precipitating plaintiff to the cement floor and thereby injuring her knee. It further appears that this was the first time that plaintiff had been in the house or had used the step, and that she had no knowledge that it was dangerous or unsafe, or that the board was loose, or that the step was liable to topple over. It also appears that the step had been in this condition for

a long time, and that it had turned over when other persons had stepped thereon, and that this fact was known to defendant. It therefore appears that defendant had knowledge that the step was unsafe and dangerous, and liable to topple over, and that, without warning, she directed plaintiff to go to the furnace room, where she would necessarily have to use the step in question.

The law imposes upon an employer the duty of exercising ordinary care and caution to provide a reasonably safe place for his servant to work, and also not to send or direct the servant to go into a place of danger without warning him, where the danger is not apparent and is unknown to the servant. *Riley v. Cudahy Packing Co.*, 82 Neb. 319; *Johnson v. Model Steam Laundry Co.*, 88 Neb. 12; *Gundy v. Nye-Schneider-Fowler Co.*, 89 Neb. 599; *Elliott v. General Construction Co.*, 93 Neb. 453; *Schramm v. Casey*, 110 Neb. 194; *Morris v. Hines*, 107 Neb. 788.

We think there was sufficient evidence to have justified the jury in finding that defendant was guilty of the negligence of which complaint is made.

In directing a verdict for defendant, the trial court committed reversible error. Judgment reversed and cause remanded.

REVERSED.

Note—See Master and Servant, 26 Cyc. 1098, 1102, 1166.